**LYNCH v. FOWLER et al.   (No. 2796.)**[*]

(Court of Civil Appeals of Texas.  Texarkana. Dec. 20, 1923.  Rehearing Denied Jan. 10, 1924.)

1. **Trial ⬉25(13) — Plaintiff suing on note had right to open and close, in view of general denial, notwithstanding admission of execution in cross-action.**

In an action on a note in which the defendant interposed a general denial, and in a cross-action set up in the same answer admitted the execution of the notes and sought to rescind the contract, the plaintiff had the right to open and close, since under the general denial she was required to prove the execution of the note.

2. **Trial ⬉25(16)—Court entitled to look to pleadings in consolidated cases in determining who has right to open and close.**

Where vendor's action on purchase-money notes was consolidated with subsequent action by purchasers for rescission, the court had the right to look to the pleadings in both cases in determining who had the burden of proof, and therefore the right to open and close under Vernon's Sayles' Ann. Civ. St. 1914, art. 1953, notwithstanding article 1948, providing that causes shall be called for trial in the order in which they stand on the docket.

3. **Vendor and purchaser ⬉37(4)—Representation that a house was "a solid brick house" held material representation of fact.**

Vendor's representation that the house was a "solid brick house" *held* a material representation of a fact and not a mere expression of an opinion.

4. **Vendor and purchaser ⬉37(4)—Misrepresentation that house was solid brick house held to entitle purchasers to rescission.**

Vendor's representation that the house in question was a "solid brick house," when in fact the house was merely brick veneer, *held* to entitle purchasers who relied thereon in the purchase of the property to rescission.

5. **Appeal and error ⬉930(3)—Issue presumed to have been determined by court in support of judgment, in absence of request for submission.**

Where court was not requested to submit issue to jury, it will be presumed, if the testimony presented such an issue, that it was determined by the court in a way to support the

judgment under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

**6. Appeal and error ⬤═931(4) — Trial court presumed to have found amount of taxes and repairs equaled amount of interest on rental value.**

In purchasers' action for rescission, in which the court in ascertaining the amount due the purchasers did not include taxes and expenses incurred for repairs on the property and did not allow vendor interest on the rental value of the property, it will be assumed, on appeal, that the court found the amount of taxes and repairs equaled the amount of interest.

**7. Vendor and purchaser ⬤═123—Failure of judgment decreeing rescission to allow vendor future rental during purchasers' occupancy held not error.**

In purchasers' action for rescission, court's failure, in awarding purchasers a rescission, to make any allowance to the vendor for rentals from the date of the judgment during the remainder of the time the purchasers should occupy the premises, *held* not error, since presumably all vendor had to do to obtain possession after judgment was to comply with its terms.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Consolidated suits by Mrs. Minnie Lynch against Mrs. Frances Fowler and husband, and by Mrs. Frances Fowler and husband against Mrs. Minnie Lynch. Judgment for Mrs. Frances Fowler and husband, and Mrs. Minnie Lynch appeals. Affirmed.

On February 10, 1920, appellant and appellees entered into a contract in writing whereby the former, for a consideration of $35,000 to be paid to her, sold and agreed to convey to appellees property in Fort Worth described as a "two-story brick home" (together with certain furniture therein), known as 512 Henderson street. Afterwards appellees paid appellant $15,000 of the $35,000 and made and delivered to her their four promissory notes for $5,000 each, dated February 28, 1920, and payable February 1, 1921, 1922, 1923, and 1924, respectively; and appellant executed and delivered to appellees her deed dated said February 28, 1920, conveying said property to appellee Mrs. Frances Fowler.

The notes contained a stipulation authorizing the holder thereof, if the appellees should fail to pay any one of them when it matured, to declare those of them which had not then matured to be due and payable. Appellees having failed to pay the note due (according to its face) February 1, 1921, and interest on the others, appellant declared all of the notes due and payable, and on March 10, 1921, commenced a suit (numbered 55,878 on the docket of a district court of Tarrant county) in which she sought a recovery of appellees of the amount of the notes and a foreclosure of a vendor's lien she had retained on the property to secure their payment.

The suit was consolidated with one numbered 55,892, commenced by appellees in the same court March 12, 1921, in which they sought to recover back the $15,000 they paid appellant and to cancel the notes they executed, or, in the alternative, to recover damages of appellant. As grounds for relief they sought, appellees alleged, and the jury on special issues submitted to them found, that appellant or her agent (one Clark, a real estate broker), to induce appellees to purchase the property, represented to them: (1) That the house was 10 years old, (2) that it was a solid brick house, (3) that another story and a tile roof could be added to it, (4) that it cost $71,000 to build the house, (5) that it was then worth $100,000, and (6) that if appellees purchased it they could get their money out of it at any time they might wish to sell it. Appellees alleged further, and the jury found, that each of the representations specified was untrue and that appellant or her agent knew it was untrue, and that appellees relied upon each of the representations as true and would not, otherwise, have purchased the property. The jury found further: (1) That the market value of the property at the time of the sale was $28,000; (2) that the difference between its actual value at that time and its value as represented by appellant or her agent was $72,000; (3) that the rental value of the property during the time between the sale and the trial was $300 a month; (4) that at the time of the trial the property was in substantially the same condition, reasonable wear and tear excepted, it was in when appellees purchased it; and (5) that appellees' suit was commenced within a reasonable time after they discovered that the representations made to them were false.

The appeal is from a judgment (1) in appellees' favor for $9,765 as the difference between the amount and interest thereon paid by appellees for the property and the rental value thereof for the time intervening between the date of the sale and February 6, 1922, the date of the judgment, and (2) canceling the notes made by appellees to appellant.

McCart, Curtis & McCart and Slay, Simon, Smith & Morris, all of Fort Worth, for appellant.

Capps, Canty, Hanger & Short, W. D. Smith, and Julian B. Mastin, all of Fort Worth, for appellees.

WILLSON, C. J. (after stating the facts as above). The court overruled appellant's and granted appellees' motion to consolidate the two suits, and at the trial permitted appellees to open and conclude both in adducing testimony and in the argument. Appellant's suit having been filed first, she insists that her motion should have been granted, and

that she, instead of appellees, should have been permitted to open and conclude the argument at the trial of the consolidated case.

The purpose of appellant's motion was accomplished when the suits were consolidated, and we think it was of no importance that it was accomplished by granting appellees' motion instead of hers.

But the right to open and conclude the argument at the trial after the suits were consolidated was a valuable one; and if appellant possessed it and was wrongfully deprived of it, she is entitled to have the judgment reversed, for when the nature of the case and state of the testimony in the record are kept in mind, it cannot be said that the error in depriving her of the right was a harmless one. Logan v. Meade (Tex. Civ. App.) 110 S. W. 188, and authorities there cited.

Whether appellant possessed the right or not depended upon whether she was entitled to have her suit called and tried before appellees' suit was called and tried or not, and, if she was, upon whether "under the pleadings the burden of proof on the whole case" was on her or on appellees. Article 1953, Vernon's Statutes.

[1] The statute provided that causes "shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the court." Article 1943, Vernon's Statutes. Appellant's suit was filed first and was ahead of appellees' on the court's docket. Therefore, unless the court, having a right to do so, otherwise ordered, her suit, had it and appellees' suit not been consolidated, should have been tried first. If it had been, she would have been entitled to open and conclude the argument, for the answer of appellees to her suit included, it seems, a general denial, the effect of which was to require her to prove the execution of the notes she sued upon, notwithstanding appellees in their cross-action to rescind the contract between them and appellant, set up in the same answer, admitted that they executed the notes. Logan v. Meade (Tex. Civ. App.) 110 S. W. 188, and authorities there cited; Mfg. Co. v. Goss (Tex. Civ. App.) 254 S. W. 320; Music Co. v. Bailey (Tex. Civ. App.) 179 S. W. 547.

[2] Having the right, had her suit been tried first, to open and conclude the argument, the question is: Did appellant lose it when the suits were consolidated? The writer thinks she did not—that the trial court, failing as he did to have the parties to replead in the consolidated case, should have looked alone to the pleadings in appellant's suit, because it was filed first and stood on the docket for trial first, in determining the question; in which event, as shown above, he should have accorded the right in question to appellant instead of to appellees. 38 Cyc. 1306; Ry. Co. v. Shuford, 72 Tex. 165, 10 S. W. 408; Boykin v. Epstein, 94 Ga. 750, 22

S. E. 218; 1 C. J. 1140. But the other members of the court think the trial court had a right to look to the pleadings in both cases in determining the question, and properly exercise discretion he had when he denied appellant and accorded to appellees the right in question.

It is' insisted it appeared that the representations set out in the statement above, which (the jury found) were false, and which (the jury also found) induced appellees to purchase the property in question, if made to appellees at all, were made to them by Clark and not by appellant, and that it did not appear that Clark was authorized as appellees' agent to make them. It is insisted, further, that the representations, except the one that the house was "a solid brick house," were mere expressions of opinion, and therefore were not a sufficient basis for the relief granted to appellees.

It is not necessary, we think, that we should determine whether the contentions stated should be sustained or not; for if they should be sustained, it would not follow that the judgment should therefore be reversed.

[3, 4] Unquestionably, the testimony warranted a finding that appellant herself, as well as Clark, represented to appellees that the house was "a solid brick house"; unquestionably, the representation was a material one; and unquestionably, it was as to a fact and was not a mere expression of opinion. If, as was found by the jury, the representation was false, and appellees, because they believed it was true, were induced to purchase the property, they were entitled to the relief they obtained, without respect to the other representations, unless conduct of their own deprived them of such a right.

[5] Appellant insists it appeared appellees were guilty of such conduct, in that they thought, when they purchased the property, she asserts, that they were getting it for $65,000 less than it was worth, because of the fact that appellant's agent Clark had wrongfully failed to advise her as to its value. The argument is that appellees in that way became parties to a fraud they believed appellant's agent was perpetrating on her, and hence were estopped to claim the relief granted to them. The contention is based on testimony of appellee Mrs. Fowler that Clark stated to her that appellant "was (quoting) very wealthy and didn't know what the property was worth and didn't need the money." If it should be conceded that the testimony would have supported a finding in accordance with appellant's contention, the contention, nevertheless, should be overruled, we think; for, it seems, the court was not requested to submit an issue covering it to the jury, and hence it would have to be assumed, if the testimony presented such an issue, that it was determined by the court in a way to support the judg-

ment he rendered. Article 1985, Vernon's Statutes.

Appellant insists, further, as a reason why appellees should have been denied the relief they obtained, that it appeared from the testimony that they inspected the property before they purchased it, and knew or should have known from such inspection that the house was a brick veneer and not a solid brick house, and hence were estopped to claim a right to rescind the contract by which they purchased the property. It is plain, we think, that it did not appear as a matter of law, from the testimony in the record with reference to the inspection made by appellees, that they were estopped as claimed. Therefore what was said with reference to the contention noted in the paragraph next above this one applies as well here. It does not appear that a request was made to submit an issue covering such a contention to the jury, and hence it would have to be assumed, if the testimony presented such an issue, that it was found by the court in a way to support the judgment.

Appellant insists, further, that appellees were not entitled to relief by rescission because, they say, it appeared from the testimony that "they had made material changes in the property and that the condition thereof and the value thereof were materially different" at the date of the trial from what they were at the time the contract was made. We do not think it so appeared as a matter of law, but, instead, think the testimony warranted the finding of the jury that the property remained in substantially the same condition it was in at the date of the contract. 9 C. J. 1212; Donoho v. Hunter (Tex. Civ. App.) 242 S. W. 282.

[6] The trial court found the difference between the amount (and interest thereon) paid by appellees to appellant for the property and the amount of the rental value thereof during the time appellees had the use thereof to the date of the trial to be $9,765, and rendered judgment in appellees' favor for that sum. Appellant insists in propositions under her eighty-ninth assignment that the court in determining the amount to be awarded to appellees should have allowed appellant interest on the rental value of the property. If it should be conceded that appellant was entitled to interest as claimed, we do not think the failure of the court to award same to her in the accounting should be treated as error requiring a reversal of the judgment. There was testimony showing that appellees paid taxes and incurred expense for repairs on the property which were not taken into consideration in the accounting. We think it should be assumed here that the trial court found that the amount appellees were entitled to claim on account of such taxes and repairs equaled the amount of interest, if any, appellant was entitled to

claim on the rental value of the property. 2 Black on Rescission, §§ 636, 637.

[7] The complaint in one of said propositions that the judgment is erroneous and not a final one, because it "did not (quoting) make any allowance to appellant for the monthly rentals on said property from and after February 6, 1922 (the date of the judgment), during the remainder of the time appellees occupied same or until final disposition of the suit," is plainly without merit, we think, and is overruled. Presumably, all appellant had to do to obtain possession of the property at once after the judgment was rendered was to comply with its terms.

A number of other contentions are presented in appellant's brief. To merely state them would extend this opinion to an unreasonable length. All of them have been considered, and none of them, in the light of the record as we view it, presents error which requires a reversal of the judgment. Therefore it is affirmed.