## FINGER v. WHITWORTH. (No. 3365.)

Court of Civil Appeals of Texas. Texarkana.
March 29, 1927.

Rehearing Denied April 14, 1927.

1. Pleading  127(2)—Defendant's admission of truth of petition, except so far as defeated by answer and facts to be proven, held "abandonment of pleadings" denying admitted facts.

Admission by defendant that plaintiff had good cause of action, except as it might be defeated by facts of the answer which might be established on trial, held "abandonment" of all defendant's pleadings which operated as a denial of facts alleged by plaintiff.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon —Abandonment.]

2. Trial  25(9)—Denying to cross-petitioning defendant opening and closing, where he admitted every material allegation of petition, held error.

Where defendant in suit in which his real estate had been attached filed cross-action for damages and admission of every material fact pleaded by plaintiff, held error to deny to him the right to open and close, where there was some evidence to support his cross-action.

Appeal from Hunt County Court; N. E. Peek, Judge.

Action by J. W. Whitworth against T. J. Finger, in which the defendant filed a cross-action. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson & McWhirter, of Greenville, for appellant.

Neyland & Neyland and H. L. Carpenter, all of Greenville, for appellee.

LEVY, J. The appellee brought the suit on a note, and at the same time sued out an attachment and caused it to be levied on real estate of the appellant. The appellee afterwards amended his petition. The appellant answered the suit and filed a cross-action for damages. At the trial the appellant filed the following:

"Now comes the defendant, T. J. Finger, in the above numbered and entitled cause, and before announcing ready for trial says that the defendant, T. J. Finger, admits that the plaintiff has a good cause of action as set forth in the plaintiff's first amended petition, except so far as it may be defeated in whole or in part by the facts of his answer constituting a good defense which may be established on the trial hereof. And he requests that this be entered of record and that he be granted the right to open and close in the introduction of evidence and argument."

The appellant was denied the right to open and close the case, and he assigns error in that respect.

[1, 2] The admission of appellant is very broad, extending to the "cause of action as set forth in the plaintiff's first amended petition." The admission was of every fact which the plaintiff had pleaded essential to the recovery of the full relief prayed for. The execution and validity of the note and the abandonment of the land as homestead, subjecting it to a lien, all being pleaded, would be admitted as a fact. Therefore no duty or burden of proof rested upon the plaintiff to prove any affirmative fact essential to establish the allegations. A compliance with the terms of the admission would have the force and effect of an abandonment of all pleadings by the defendant which operated as a denial of the facts alleged by the plaintiff and admitted to be true. Meade v. Logan (Tex. Civ. App.) 110 S. W. 188. There was, then, no sufficient pleading in defendant's "answer" left which would avoid the right of the plaintiff to recover. But, in view of the cross-action, the defendant did have the right to open and close in the trial of it, and it is reversible error to have deprived him of such valuable right. The appellee cannot claim the benefit of the admission and then deny to the appellant the benefit of opening and closing. The cross-action by intendment predicates a claim for damages seemingly upon the two separate grounds: (1) Because the attachment was levied upon the homestead as such; and (2) because the attachment was sued out and levied without probable cause, causing the loss of sale of the property. In view of the admission, such latter ground only is a triable issue in the case. The abandonment of the homestead became an admitted fact. The jury found that the second ground was true, and there is some evidence, although conflicting, going to show actual damages as a consequence to the appellant.

The judgment is reversed, and the cause is remanded for another trial.