### PRICE et ux. v. SEIGER et al. *
### No. 12365.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 18, 1930.

Rehearing Denied Nov. 22, 1930.

W. S. Moore, of Gainesville, for appellants.

Culp & Culp, of Gainesville, for appellees.

BUCK, J.

Frankie Seiger and Joseph Seiger filed suit in form of trespass to try title against W. C. Price and his wife, Mrs. Mollie Price. The plaintiffs were the sons of Mrs. Mattie Seiger, or Mrs. B. H. Seiger. The proof showed that Price and wife had executed to Mrs. Seiger for a stated consideration of $1,500, paid in cash, a deed to the lot and lands in controversy. That Mrs. Seiger had died prior to the filing of the suit.

The defendant pleaded that the property described in plaintiffs' petition had been occupied by himself and wife as a homestead, and was occupied at the time of the suit as a homestead by defendant W. C. Price; his wife having died. Defendant introduced in evidence an instrument in writing as follows:

"W. C. Price and wife this date January 21st borrowed from said Mrs. B. H. Seiger fifteen hundred dollars ($1500) on their home 509 Weaver Street, Gainesville, Texas, and transferred deeds to same as security for said money. It is also agreed that W. C. Price is to pay to Waples-Painter Lumber Co. a note held by same on said property. It is also agreed in this contract that W. C. Price can redeem this said property any time within five (5) years from date of this loan. Loan to draw 10% interest until paid. It is further agreed if W. C. Price and wife should fail to redeem this said loan within time mentioned (5) years the said Mrs. B. H. Seiger agrees to refund to the said W. C. Price or wife the six hundred dollar note paid to Waples-Painter Lumber Co. and receive a clear title to said property mentioned in this contract. Interest on this money can be paid monthly, yearly, or at expiration of this contract."

It will be noted that the note and instrument in writing is dated January 21, 1926. The deed from W. C. Price and wife, Mrs. Mollie Price, is dated also January 21, 1926.

The trial court submitted the case on two special issues, which issues, with their answers, are:

"1. Was the deed from W. C. Price and wife, Mollie Price, to Mrs. B. H. Seiger and dated January 21, 1926, which on its face is an absolute warranty deed, intended by the parties thereto as a mortgage or security for a loan? Answer yes or no.

"Answer: No.

"2. Was the instrument in writing dated January 21, 1926, purporting to be a contract signed by W. C. Price, Mollie Price and Mrs. B. H. Seiger, in fact signed and executed by the said Mrs. B. H. Seiger? Answer yes or no.

"Answer: Yes."

Upon this verdict the court rendered judgment for the plaintiff. The court found in his judgment that under the uncontradicted evidence in the case the instrument mentioned in issue No. 2 in his charge was executed, if at all, after and subsequent to the execution of said deed mentioned in said issue No. 1, and was no part of the transaction in the execution and delivery of said deed, and further found that plaintiffs were entitled to judgment for and possession of a lot being 51x200 feet on Weaver street in the city of Gainesville, more particularly described in the judgment and pleading. From this judgment the defendant has appealed.

Opinion.

After the evidence was all in, and the court had submitted his charge to counsel for objections and exceptions, the defendant filed his second motion to be allowed to open and close the argument before the jury. The first motion filed did not contain any admission that plaintiffs had a good cause of action as set forth in the petition, except so far as may be defeated in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial, as provided in rule 31 for the district and county courts. See rules of the courts, by Harris.

The second motion complied with rule 31, but it was filed after the evidence was all in. Was it too late?

■ There is no doubt that the instrument purporting to be a general warranty deed did convey the title to the property to the purported grantee if it was the intention of the parties at the time to so convey it. Although the parties to the transaction involving the execution and acceptance of the deed thereafter executed an instrument showing, or tending to show, that the deed was not in fact intended as a mortgage, yet, if at the time of the execution of the deed it was the intention of the grantors, both Mr. and Mrs. Price, to give a general warranty deed, and it was the understanding of Mrs. Seiger that a general warranty deed had been given, we do not think that any after-executed instrument would change the effect and scope of the deed theretofore executed.

Mr. Granville Jones, an attorney practicing in Gainesville, testified that he went out to the residence of W. C. Price, in the latter's car, to take the acknowledgment of Mr. Price and his wife. The acknowledgment is in due form as a privy acknowledgment of the wife. He testified that he saw Mrs. Price privily and apart from her husband, and explained to her the instrument she was executing was a warranty deed to the property therein described, and that she acknowledged the instrument to be her act and deed and declared that she did not wish to retract it. He further testified that some time before he prepared this deed defendant Price came to see him and told him he wanted to draw up a mortgage, securing a certain sum of money, on his homestead, and witness told him that such a mortgage was not "worth a dime," and that he would not prepare an instrument of that kind without first telling Mrs. Seiger the value of it, because it would be worthless. That when Price later came back to his office, he had the attorney prepare this deed. That he read the deed over to both Mrs. Seiger and Mr. Price, evidently before he went out to the Price homestead.

The main issues involved in this appeal are: First, that the evidence as a whole shows that it was the intention of the grantors and the grantee at the time of the execution of the deed that said deed in form should be in effect a mortgage; and, second, that the trial court erred in not granting the appellant the right to open and close the argument. We will discuss now the latter proposition.

Rule 31, prepared by the Supreme Court for the guidance of district and county courts, provides:

"The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

This rule has been passed upon a number of times by the Courts of Civil Appeals and by the Supreme Court. See Meade v. Logan (Tex. Civ. App.) 110 S. W. 188; Smith v. Frost, 254 S. W. 926, by the Supreme Court; Lynch v. Fowler (Tex. Civ. App.) 257 S. W. 948; Rawleigh Co. v. Watson, 256 S. W. 955, by the Waco Court of Civil Appeals; Finger v. Whitworth (Tex. Civ. App.) 294 S. W. 285; Casler v. Southwest National Bank of Dallas (Tex. Civ. App.) 274 S. W. 286.

■ What is meant by the expression, in rule 31, "before the trial commences"? By general acceptance or use of the word "trial" includes all the steps taken in a case, from submission to the jury [of the evidence] to the rendition of the judgment. 4 Words and Phrases, Second Series, p. 1003. Pleading is not a part of the trial. It does not commence until an issue of fact is joined. Bouvier's Law Dictionary, vol. 3, bottom of second column, p. 3320. In the instant case, the first time defendant below filed the admission complying with the terms of rule 31 was after all the evidence had been submitted to the jury. It came too late then.

In Baker v. Pierce, 248 S. W. 439, the Texarkana Court of Civil Appeals held, quoting from the headnotes, that:

"The 'issues of fact are settled,' within the meaning of rule 31, relating to the practice in district and county courts, when the issues of law arising on the pleadings and all pleas in abatement, as provided in Rev. St. [1911] art. 1947, shall be determined.

"The term 'before the trial commences,' as used in rule 31 (142 S. W. XIII), governing the practice in district and county courts, providing that a defendant, in order to establish his right to open and conclude in adducing the evidence and in argument, must file and present to the court his admissions after the issues of fact are settled and before the trial commences, means and refers to the time when the opening of the case on its merits or the proceeding on a trial is ready to begin, as outlined in Rev. St. [1911] art. 1951, providing that the order of proceeding shall be, first, the reading of the pleadings to

the jury, and then the introduction of the evidence."

While the decision of the Court of Civil Appeals in Baker v. Pierce was reversed by the Commission of Appeals, approved by the Supreme Court, in Baker v. Pierce, 259 S. W. 921, yet the holding by the Supreme Court did not disturb the holding of the Court of Civil Appeals above noted.

■ It is stated in the decisions that it is necessary for the defendant, in order to be entitled to the opening and closing of the argument, or the advantage of the rule in introduction of the testimony, to file, after the issues of fact are settled 'and before the trial commences, his motion, admitting, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial, the facts pleaded by plaintiff. This was not done. In Heath v. First Nat. Bank, 19 Tex. Civ. App. 63, 46 S. W. 123, 124, it is held that where the burden of the whole case is not on the defendant, and he does not make and have of record before the trial commences the admissions required by the rules, he is not entitled to open and conclude the argument. Justice Rainey, speaking for the Dallas Court of Civil Appeals, said:

"The ruling of the trial court [in allowing the defendant to open and close the argument] was not in accord with this rule. The burden of the whole case was not on the defendant, and defendant did not make the required admission before the trial commenced, nor was the admission entered of record. Before the defendant could avail itself of this privilege, it should have complied with the rule. Not having done this, it was not entitled to open and conclude, and the court erred in so holding."

See, also, Ramsey v. Thomas, 14 Tex. Civ. App. 431, 38 S. W. 259; Caldwell v. Auto Sales & Supply Co. (Tex. Civ. App.) 158 S. W. 1030, and other cases.

In the trial, the evidence sharply conflicted as to whether the deed was intended as a general warranty deed, or as a mortgage. While the evidence is sufficient to sustain the finding of the jury in answer to issue No. 2 that Mrs. Seiger signed the instrument, yet it is also sufficient to sustain the finding of the jury that the instrument inquired about in issue No. 1 was executed by the parties thereto with the full intention that said instrument would convey the property.

There is also ample evidence to sustain the finding of the court that the instrument relied on by the defendant below to show that the parties understood that the instrument purporting to be a general warranty deed was in fact a mortgage was written af-

ter the execution and delivery of the deed. Under these circumstances, we conclude that the judgment of the trial court should be affirmed.