**PRICE v. SEIGER et al.**

No. 1339—5876.

Commission of Appeals of Texas, Section B.

May 16, 1932.

W. S. Moore, of Gainesville, for plaintiff in error.

Culp & Culp and John W. Culp, all of Gainesville, for defendants in error.

SHORT, P. J.

Frankie Seiger and Joseph Seiger, defendants in error, are the sole legatees under the will of their mother (Mrs. B. H. Seiger, deceased), and as such filed this suit against the plaintiff in error W. C. Price and his wife, Mollie Price, to recover the title and possession of a town lot in the city of Gainesville, conveyed to the mother by W. C. Price and his said wife, the identity of which is unquestioned, by deed, dated January 21, 1926. The answer, in addition to a general demurrer and a general denial, alleged the deed executed by Price and wife was intended by the grantors and the grantee to be given as a mortgage and to be security for the payment of money loaned by the grantee to the grantors; that no part of the money was due; and that the lot apparently conveyed, but in fact mortgaged, was occupied, and has continued to be occupied, by them as their homestead. The answer also alleged the execution by the parties of a contemporaneously written instrument, which was attached to the answer, by its terms stating what the parties to the deed had done, and what the real transaction between them was. This instrument so attached to the answer is as follows:

"Contract entered into this the 21st day of January, 1926, as follows:

"Between W. C. Price and wife and Mrs. B. H. Seiger, W. C. Price and wife this date January 21st borrowed from Mrs. B. H. Seiger fifteen hundred dollars $1500 on their home 509 N. Weaver Street, Gainesville, Texas, and transferred deeds to the same as security for said money. It is also agreed that W. C. Price is to pay to Waples Painter Lumber Company a note held by same on same property. It is also agreed in this contract that W. C. Price can redeem this property at any time within five (5) years from date of this loan. Loan to draw 10% interest until paid. It is further agreed if W. C. Price and wife should fail to redeem this said loan within the time mentioned five (5) years, the said Mrs. B. H. Seiger, agrees to refund to the said W. C. Price or wife the six hundred dollars note paid to Waples Painter Lumber Company and receive a clear title to said property mentioned in this contract. Interest on this money can be paid monthly, yearly or at the expiration of this contract.

"[Signed] W. C. Price
"Mollie Price
"Mrs. B. H. Seiger."

By supplemental petition, defendants in error specially alleged the deed to the lot to be what it purports to be—a conveyance of the property—for a consideration of $1,500 paid by the grantee to the grantor, and was intended to be such conveyance. They also alleged under oath that as to the grantee in the deed, the written instrument apparently stating what the parties to the deed had done, and what the real transaction between them was, was a forgery. The supplemental answer, in addition to a general denial, alleged under oath the instrument to be genuine, and that the parties to the instrument had recognized its genuineness by complying with its terms during the life of Mrs. Seiger. Before the case was tried this time (there was a previous trial), Mollie Price died, apparently without leaving any heirs, except her husband, and the trial proceeded with W. C. Price as the sole defendant. The case was submitted to a jury upon two issues, without objection by the defendants in error. The questions and the answers to them are as follows:

"Was the deed from W. C. Price and wife, Mollie Price, to Mrs. B. H. Seiger and dated January 21, 1926, which on its face is an absolute Warranty Deed, intended by the parties thereto as a mortgage or security for a loan? Answer yes or no. Answer: No.

"Was the instrument in writing dated January 21, 1926, purporting to be a contract signed by W. C. Price, Mollie Price and Mrs. B. H. Seiger, in fact signed and executed by the said Mrs. B. H. Seiger? Answer yes or no. Answer: Yes."

The court rendered judgment for the defendants in error upon the answers, and also upon this finding of its own, using the following language as a basis for its judgment: "And the court finding that the jury returned into court their verdict as above set forth, and further finding from the uncontradicted evidence in the case that said in-

strument mentioned in issue No. 2 in said charge was executed, if at all, after and subsequent to the execution of said deed mentioned in said issue No. 1, and was no part of the transaction in the execution and delivery of said deed, and finding that the law and the evidence in this case is with the plaintiffs, and that they are entitled to judgment as prayed for by them; and defendants said motion for judgment should be, and is in all things denied."

The case reached the Court of Civil Appeals at Fort Worth in due order, and that court affirmed the judgment of the district court, using this language as its findings of fact: "In the trial, the evidence sharply conflicted as to whether the deed was intended as a general warranty deed, or as a mortgage. While the evidence is sufficient to sustain the finding of the jury in answer to issue No. 2 that Mrs. Seiger signed the instrument, yet it is also sufficient to sustain the finding of the jury that the instrument inquired about in issue No. 1 was executed by the parties thereto with the full intention that said instrument would convey the property. There is also ample evidence to sustain the finding of the court that the instrument relied on by the defendant below to show that the parties understood that the instrument purporting to be a general warranty deed was in fact a mortgage was written after the execution and delivery of the deed. Under these circumstances, we conclude that the judgment of the trial court should be affirmed." 33 S.W.(2d) 519, 522.

In so far as these findings are used to sustain the judgment, the plaintiff in error has attacked them by assignments in his motion for rehearing, and by assignments of error in his application for the writ of error. In effect the plaintiff in error asserts the opinion of the Court of Civil Appeals to be fundamentally erroneous, as being in conflict with the finding of the jury upon a material issue of fact, and as holding that there was no conflict in the answers to the issues presented to the jury, as well as in holding there was any pleading or testimony to support the recited findings by the trial judge.

The plaintiff in error submits the following assignment of error: "The contract (of Jny. 21, 1926), having been sustained by the finding of the jury, no judgment contrary to its provisions and in violation thereof could legally have been entered or sustained against the defendant, W. C. Price."

■■ He also submits the following proposition: "If issue No. 1 was a vital issue and issue No. 2 was a vital issue, the answers to said two issues were so contradictory and conflicting that judgment could not have been entered for either party." We think this is a correct proposition of law, and therefore sustain the assignment of error.

The execution of the deed was not denied by the plaintiff in error in his answer, nor in fact by his testimony; but he pleaded that this deed was made in connection with, and as a part of, a contract signed by all the parties. This contract set forth the details of the transaction and fixed its nature. However, the defendants in error replied under oath that this so-called contract was a forgery. Both parties introduced testimony in support of their respective contentions, and the jury found that the contract was not a forgery, but on the contrary was executed by Mrs. B. H. Seiger, the grantee in the deed, bearing even date with the contract. There was neither pleading nor testimony which referred to any other transaction between the parties, except the one embraced in the two instruments of writing, nor was there pleading or testimony with reference to any fraud perpetrated in procuring the execution of the contract, or of the deed. Each of the two instruments, when the execution thereof had been proved, must be construed according to its terms, and the intention of the parties must be ascertained by giving due meaning to the language of each instrument.

■ The instrument in the form of a deed, when introduced in evidence, established as a prima facie fact that the plaintiff in error and his wife had conveyed the property described to Mrs. Seiger for the sum of $1,500 in cash, and this deed entitled the defendants in error, as the legatees under the will of Mrs. Seiger, to a judgment in accordance with the prayer of their petition. But the plaintiff in error alleged, in his answer, that the instrument in the form of a deed was intended by the parties to be a mortgage given as security for debt. The contention of the respective parties formed the real issue in the case, but burden of proof resting upon plaintiff in error. Had the execution of the instrument of writing pleaded by the plaintiff in error, as having been executed contemporaneously with the deed, been established conclusively in the same manner as the execution of the deed had been established, and had its genuineness not been assailed as it was, under an allegation of forgery, there would have been presented to the court trying the case these two unassailed instruments, and it would have been the duty of the court to have declared the transaction, evidenced by the two instruments, to be of the nature and character alleged by the plaintiff in error. The jury having, by its answer, established the fact that the contract was genuine, the court was under the same duty to treat it as genuine, and to construe its meaning as it would have been, had the contract never been assailed.

■■ The instrument in the form of a deed signed and acknowledged by W. C. Price and Mollie Price, apparently conveyed the town lot in question to Mrs. B. H. Seiger in consideration of the sum of $1,500, paid to

W. C. Price and Mollie Price by Mrs. Seiger, the receipt of which is acknowledged. The other instrument of writing apparently relating to this transaction, declares that W. C. Price and wife had borrowed from Mrs. B. H. Seiger $1,500 on the lot described in the deed, executed by them in favor of Mrs. Seiger; it further recites that W. C. Price is to pay to a certain lumber company a certain note held by the lumber company against the property; it further recites that W. C. Price can redeem the lot any time within five years from date of the loan; it further recites that the loan is to draw 10 per cent. interest; it further recites that if W. C. Price and his wife should fail to repay the loan within five years, Mrs. Seiger is to refund to W. C. Price or his wife the $600 note which Price agreed to pay to the lumber company, and that Mrs. Seiger is to receive a clear title to the property. It finally recites that interest on the money can be paid monthly, yearly, or at the expiration of the contract. These recitals are unequivocal and unambiguous. The terms and conditions of this contract are so clear, and so plain, that when its execution has been established, in the absence of any contention that it referred to some other transaction between the parties, or that while it had been executed by Mrs. Seiger, she had been induced to execute it by some fraudulent act, or conduct, or false declaration of the plaintiff in error, or some other person acting for him, the trial court was under the duty to render a judgment denying to the defendants in error the relief they sought, which was a recovery of the title and possession of the property involved, but for the fact that the jury had already made an answer to special issue No. 1, the effect of which was to nullify the answer to special issue No. 2, and as the answer to special issue No. 2 had the effect to nullify the answer to special issue No. 1, it logically follows that the court was without any material fact in its possession upon which it could legally render a judgment either for or against any of the parties. Judgments must be responsive to the issues presented in the pleadings, and must conform to the facts established by the verdict of the jury, in so far as those facts are material to any issue in the case. The Court of Civil Appeals finds that the answer to issue No. 2 is supported by sufficient testimony, and there is no contention made by any one that this issue was not a material one, nor is the form in which the issue was presented, challenged.

The plaintiff in error having admitted he understood the legal effect of the deed, executed by himself and wife, but having also testified that the reason he executed the deed was because he was borrowing $1,500 from the grantee, and further having pleaded and established that the evidence of the fact that he was borrowing money, and not selling the lot, was in writing, which written instrument he produced upon the trial and whose terms conclusively established the truth of his contention that he had borrowed the $1,500, and had executed the deed as a part of this transaction, though the real question originally was that embraced in issue No. 1, yet the answer to issue No. 2 necessarily controlled all other issues in the case, and superseded the necessity of submitting issue No. 1. However, issue No. 1 having been submitted, and the jury having made answer thereto in direct conflict to its answer to issue No. 2, the trial court was without any fact material to the issues in the case upon which to base any judgment in favor of any one. 33 C. J. par. 92, p. 1151, and vol. 33, par. 106, p. 1169, and notes.

■ It will be noted that issue No. 2 specifically identifies the instrument in writing mentioned therein by reciting its date, which was January 21, 1926, the same date which the deed bears. There is no attack made in the pleadings of the defendants in error upon this instrument, on the ground that while it might be a genuine one, yet it related to some other transaction between the parties, which transaction occurred at another and different date from that of January 21, 1926. We therefore conclude that the findings of fact stated in the judgment of the trial court to the effect that the instrument mentioned in issue No. 2 was executed subsequent to the execution of said deed mentioned in issue No. 1, and was no part of the transaction in the execution and delivery of said deed, directly contradicts the recitations in the instrument mentioned in issue No. 2, which the jury found was executed by the parties. Such being the situation, these attempted findings of fact by the trial judge were unauthorized, and cannot be considered in support of the judgment. The allegation in the pleadings of the defendant in error, to the effect that the instrument mentioned in issue No. 2 was a forgery, was sufficiently comprehensive to include the idea that it was no part of the transaction in the execution and delivery of the deed, but the jury having found in effect that it was a part of the transaction, in the execution and delivery of the deed, the trial judge was without authority to find otherwise. There was no pleading on the part of the defendants in error to the effect that the instrument mentioned in issue No. 2 was executed subsequent to the execution of the deed, and even if there had been testimony justifying such conclusion, this testimony could not be considered in the absence of any pleading on the subject. However, as we construe the testimony there was none which would justify a finding that the instrument mentioned in issue No. 2 and the instrument mentioned in issue No. 1 did not refer to the same transaction, and that together they did not evi-

dence the intention of the parties with reference to said transaction. The real issue in the case was the intention of the parties when the transaction occurred. The defendants in error declared the intention of the parties was that the lot in question should be sold by W. C. Price and wife, and that Mrs. Seiger should purchase it for the sum of $1,-500, which was paid at that time, while the intention, as alleged by W. C. Price and wife, was that they had borrowed $1,500 from Mrs. Seiger, and that in consideration of her loaning this money to them, they executed the deed in question, and to show what they intended by the deed, the parties executed the instrument in writing mentioned in issue No. 2. These contentions were presented to the jury in the form of two special issues, and the jury found that the deed was not a mortgage and not intended as security for debt. The jury also found in effect in answer to issue No. 2 that the instrument in the form of a deed was intended by the parties to be a mortgage and as security for debt. This being the situation, there was no finding of fact material to any issue in the case upon which the court could base the rendition of a judgment.

We therefore recommend that the judgments of the Court of Civil Appeals and the district court be reversed and the cause remanded.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.