

THE ATTORNEY GENERAL
OF TEXAS

Hon. Richard S. Morris
County Attorney
Armstrong County
Claude, Texas

Dear Sir:          Opinion No. O-2127
                   Re: Constitutionality of Senate Bill
                       367 of the 46th Legislature of
                       Texas

          Your request for opinion of this department as to
the constitutionality of Senate Bill 367 of the 46th Legis-
lature of Texas has been received and carefully considered.

          Senate Bill 367 of the 46 Legislature of Texas,
reads as follows:

          "COUNTY COMMISSIONERS - TRAVELING EXPENSES
                       S. B. No. 367
               Acts of the 46th Legislature

          "AN ACT authorizing the Commissioners Court in
          all counties having a population of not less
          than three thousand three hundred (3,300) and
          not more than three thousand four hundred (3,400),
          according to the last preceding Federal Census,
          and in all counties having a population of not
          less than ten thousand three hundred ninety-nine
          (10,399), and not more than ten thousand four
          hundred ninety-nine (10,499), according to the
          last preceding Federal Census, to allow each County
          Commissioner certain traveling expenses while tra-
          veling on official business; and declaring an
          emergency.

          "BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF
          TEXAS:

              "Sec. 1. In all counties in this State hav-
          ing a population of not less than three thousand
          three hundred (3,300) and not more than three
          thousand four hundred (3,400), according to the
          last preceding Federal Census, and in all counties

having a population of not less than ten thousand
three hundred ninety-nine (10,399), and not more
than ten thousand four hundred ninety-nine (10,499),
according to the last preceding Federal Census,
the Commissioners' Court in such counties is hereby
authorized to allow each commissioner the sum of
Fifty ($50.00) Dollars per month for traveling
expenses when traveling in the discharge of his
official duties.

"Sec. 2. The fact that in counties affected by
this Act, there is a great deal of traveling over
rough country roads by the County Commissioners in
the discharge of their duties; and the fact that
under the present law said Commissioners are under-
paid; and the fact that more effective service can
be rendered by said Commissioners if more adequately
paid; and the fact that the allowance of traveling
expenses as herein set out, is reasonable, just and
equitable, creates an emergency and imperative
public necessity that the Constitutional Rule requir-
ing that all bills be read on three several days in
each house be suspended, and said Rule is hereby
suspended, and this Act shall take effect and be in
force from and after the date of its passage, and
it is so enacted.

"Filed without Governor's signature, May 3, 1939.
"Effective May 3, 1939."

Armstrong County, Texas, according to the last pre-
ceding Federal Census of 1930, has Three Thousand, Three Hun-
dred, Twenty-nine (3,329) inhabitants and is the only county
in Texas coming within the population brackets of not less than
three thousand three hundred (3,300) and not more than three
thousand four hundred (3,400) inhabitants.

Willacy County, Texas, according to the last preced-
ing Federal Census, has ten thousand four hundred ninety-nine
(10,499) inhabitants and is the only county in Texas coming
within the population brackets of not less than ten thousand
three hundred ninety-nine (10,399) and not more than ten thou-
sand four hundred ninety-nine (10,499) inhabitants.

The question arises as to whether or not this is a
local or special act attempting to regulate the affairs of
counties in violation of Article 3, Section 56 of the Consti-
tution of Texas.

The case of Altgelt vs. Gutzeit, 201 SW 400, holds that a Bexar County Road Law, providing for an annual salary for commissioners of county for acting in all capacities, was unconstitutional, as an attempted regulation of county affairs by local and special law.

The case of Smith vs. State, 49 SW (2d) 739, holds that the constitutional prohibition against special laws cannot be evaded by making a law applicable to a pretended class and that a statute classifying municipalities by population is "special" if the population does not afford a fair basis for classification but that the statute merely designates a single municipality under the guise of classifying by population. We quote from the court's opinion in said case as follows:

"A consideration of the classification created by the act involved in the present case in the light of Article 3, Section 56 of the Constitution, primarily calls for the application of the rule that the Legislature cannot evade the prohibition of the Constitution by making a law applicable to a pretended class, which is, as manifested by the act, in fact, no class. Clark vs. Finley, 54 S.W. 343, supra. Some of the tests for determining whether a pretended class is manifested by an act are laid down by McQuillan on Municipal Corporations, Wolume 1, pages 298, 299. We quote:

"'The classification adopted must rest in real or substantial distinction, which renders one class, in truth, distinct, or different from another class.... There must exist a reasonable justification for the classification; that is, the basis of the classification invoked must have a direct relation to the purpose of the law....'"

We quote from the court's opinion in the case of Wood vs. Marfa Independent School District, 123 S.W. (2d) 429, as follows:

"We take judicial knowledge that no other county in Texas has the qualification of area and population demanded by the statutes.... It is

Hon. Richard S. Morris, Page 4

sufficient to say here that when we look to the
practical operation of the act, we are led to the
conclusion that beyond doubt it was the purpose
of the Legislature to single out Presidio County
and make the act applicable to that county alone.
Bexar County vs Tynan, 97 S.W. (2d) 467. For
that reason the act is a local act and one which
it was beyond the power of the Legislature to
enact. Vernon's Annotated Civil Statutes, Texas
Constitution, Article 3 Section 56; Brownfield vs.
Tongate, 109 S.W. (2d) 352; City of Fort Worth vs.
Bobbitt, 36 S.W. (2d) 470; Fritter vs. West, 65
S.W. (2d) 414; Austin Bros. vs. Patton, 288 S.W.
182; Smith vs. State, 49 S.W. (2d) 729

This department held in its opinion No. O-18 on
March 6, 1939, that Articles 2372-1 and 5221b-23, Revised
Civil Statutes of Texas, 1925, the former being applicable
to counties having a population of less than forty-
eight thousand, nine hundred (48,900) and not more than
forty-nine thousand (49,000) and the latter applying to
counties with population of not less than forty-eight
thousand, nine hundred (48,900) and not more than forty
eight thousand, nine hundred and seventy-five (48,975) and
counties with population of not less than ten thousand,
three hundred and seventy (10,370) and not more than ten
thousand, three hundred and eighty (10,380), according to
the last preceding Federal Census, were unconstitutional
and void as special laws under Section 56, Article 3, of the
State Constitution, citing the case of the City of Fort
Worth vs. Bobbitt, 36 S.W. (2d) 470.

This department held in its opinion No. O-364,
on March 1, 1939, that Article 3902, Section 3a thereof,
Revised Civil Statutes of Texas, 1925, providing for an
office assistant, bookkeeper and stenographer in coun-
ties having a population of not less than forty-eight thou-
sand, none hundred (48,900) and not more than forty-nine
thousand (49,000 inhabitants, according to the last pre-
ceding Federal Census, was void under Article 3, Section
56, of the State Constitution.

This department held in its opinion No. O-462,
on March 21, 1939, that House Bill 632, 46th Legislature,
which provides for the attachment of adjacent territory
for zoning purposes by towns of not less than four thou-
sand (4,000) inhabitants within counties of not less than

three hundred thousand (300,000) and not more than three hundred and fifty thousand (350,000) inhabitants according to the last preceding Federal Census, was unconstitutional in that it attempted to enact a local law and fell within the prohibition of Article 3, Section 56, of the Constitution of Texas.

This department held in its opinion No. O-899, on June 1, 1939, that House Bill 866 of the 46th Legislature of Texas, providing for traveling expenses for county commissioners of counties having a population of not less than (22,100) and not more than (22,500), acording to the last preceding Federal Census, was unconstitutional in that it was a local and special law attempting to regulate the affairs of a county and fell within the prohibition of Section 56 of Article 3 of the Constitution of Texas.

This department held in its opinion No. O-1986 on February 29, 1940, that H. B. 876, 46th Legislature and H. B. 1122, 45th Legislature, were unconstitutional and void in that the same were local and special laws attempting to regulate the affairs of county and fell within the prohibition of Section 56 of Article 3 of the Constitution of this State. These bills applied only to Montgomery County, Texas. We have heretofore sent you a copy of this opinion.

This department has held a large number of similar acts to be unconstitutional on the grounds above stated.

Therefore, you are respectfully advised that it is the opinion of this department that Senate Bill 367 of the 46th Legislature of Texas is unconstitutional and in violation of Section 56 of Article 3 of the Constitution of Texas in that said Act attempts to regulate the affairs of counties by local and special law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 15, 1940

/s/ Wm. J. Fanning
Assistant

/s/ Gerald Mann
ATTORNEY GENERAL OF TEXAS

WJF:AW

APPROVED OPINION COMMITTEE
By BWB
Chairman