## GOETHE v. GULF LUMBER CO.
### No. 11324.

Court of Civil Appeals of Texas. Galveston.
Feb. 12, 1942.

Rehearing Denied April 2, 1942.

H. Fletcher Brown, Walter F. Brown, and Rolland Bradley, all of Houston, for appellant.

Lewis Fisher and Sam Holliday, both of Houston, for appellee.

GRAVES, Justice.

Appellant's brief makes a very succinct statement of the nature of this case, which is conceded to be correct so far as it goes, to-wit:

"J. A. Goethe, as sole plaintiff, sued Waldo H. Coffman, alleged to be doing business under the assumed names of Gulf Lumber Company and Gulf Wrecking & Lumber Company, as sole defendant, for personal injuries to plaintiff, due to plaintiff's falling from a ladder on the premises of defendant while plaintiff was there as a business-invitee, because of defendant's negligence and the defective condition of his premises. The case was tried before a jury, which found acts of negligence by defendant; but parts of such verdict charge contributory negligence to plaintiff, which was found to have proximately caused the injuries to plaintiff; but the jury failed to agree on the amount of damages sustained by plaintiff and returned their incomplete verdict into the court, upon which judgment was rendered for the defendant, which plaintiff has duly attacked by original and amended motions for new trial, and from the order overruling same, and has duly perfected appeal, under pauper's oath."

Appellant's main points upon the appeal are:

(1) That the verdict of the jury was "so irreconcilable and conflicting on indispensable issues of fact, that same afforded no basis for the judgment rendered thereon";

(2) That the pleadings and evidence raised the issue of discovered peril in favor of the appellant, as pled and requested to be given the jury by him, and the court erred in not submitting the same in appropriate issues to the jury's determination;

(3) The court erred in submitting jury issues 34, 35, and 36, as well as Nos. 46, 47, and 48, relating to appellant's alleged contributory negligence, in that, respectively, the first group assumed, without evidence to support it, that appellant was holding only with his left hand to a loose piece of lumber on top of a stack in the rack, while the second group assumed, without supporting evidence, that he neither knew nor ascertained the condition of the ladder before he climbed up it;

(4) Special issues 49, 50, and 51 were improper as being without support in the evidence, as well as constituting a comment on the weight of the evidence, while the jury's finding under 49 that appellant tried to get the drawer off the balcony while standing on the ladder is so against the overwhelming weight of the evidence as to be clearly wrong;

(5) The court prejudicially erred in refusing to permit appellant to testify that he would not have climbed the ladder if the appellee had told him not to climb it, or that it was dangerous, or had pointed out the stairway and told him to take that instead;

(6) The court further erred in not submitting to the jury inquiries as to whether appellant had fallen in a portion of the premises where the appellee had directed or expected him to be, as well as issues inquiring whether the appellee had been remiss in failing to stack the lumber so as to constitute a safe handhold, or at least in failing to warn the appellant that its use as a handhold in its then condition was unsafe; as well as, finally, in failing to advise appellant that there was a safer stairway than the ladder, upon which he might have ascended.

Appellee's premises consisted of a long lumber-shed running east and west back from the public sidewalk, with an open hollow internal rectangle for a driveway extending clear back from the sidewalk on the west to the end of the building on the east, upon either side of which wooden racks had been built in which the lumber stock was stacked like large "pidgeon holes", the exposed ends of the lumber of different kinds sticking out into the driveway on each side;

at about midway of this long east and west driveway a wooden balcony, raised about 8 feet from the ground, extended across it from north to south, while on the north side of the driveway, immediately in front of the racks on that side, what was called a "cat-walk", about 6 feet above the ground of the driveway, extended along the rack from the balcony on the east to the front end of the shed on the west; the ladder from which appellant fell was, roughly, at the junction of the "cat-walk" and the balcony on the northeast corner of the driveway, while across the driveway from it, at its southeast corner, there was a light stairway leading to the right and rear of the balcony; the ladder was built into the "cat-walk" at such northeast corner, while near the front edge of the adjoining balcony to the right of it there were some drawers in a stack in the balcony; there were only two rungs in the ladder above the "cat-walk", upon the top one of which the appellant was standing and had been holding to the end of a loose piece of lumber in the rack above his head, when he reached back toward the drawers on his right, lost his balance, and fell back into the driveway.

As presaged supra, the appealed-from judgment was entered solely upon the jury's verdict, the court having made no independent findings of its own from the evidence, and having, at the close of all the evidence, refused the appellee's motion for a peremptorily instructed verdict in his favor, about which no complaint has been presented by him here.

Neither was there any motion made by appellee, pursuant to R.S. Article 2211, Vernon's Ann.Civ.St. art. 2211, either for judgment non obstante veredicto, or for the disregard by the court of any special issue jury finding as having had no support in the evidence.

Neither is there anything in the judgment itself showing a disregard of any issue because not supported by the evidence, but it simply is one upon all of the issues as submitted and answered, and them alone.

Moreover, as further indicated in the preliminary statement, while the jury were cross-examined in more than 50 inquiries covering attenuated details of the factual issues of an apparently simple controversy, they ignored issue No. 52, inquiring in detail what damages the appellant had suffered, not answering it at all, which dereliction the court likewise entirely ignored by entering its judgment on the verdict with-

out any reference thereto. 41 Tex.Jur., Failure to Answer, pars. 356, et seq.

The undisputed evidence showed that the appellant actually fell, substantially, at least, in the circumstances and under the setting above given, and that he suffered material damages; indeed, the appellee concedes as much.

■ On going closely into this record, it is this court's conclusion that appellant's contention of irreconcilable conflicts upon the very issues upon which alone the judgment so rested is well taken, and must be sustained, to say nothing of other questions raised by him; it seems clear that no contributory negligence, nor other defense against the appellant's claim, was established as a matter of law, as the trial court held in refusing the appellee's motion for peremptory instruction; so that, as indicated, the determinative issue is reduced to one of whether or not—on the defense of contributory negligence against the appellant—those findings favorable to him were so irreconcilable and conflicting with the ones attributing contributory negligence to him that an adverse judgment based alone upon such a verdict was improper.

This much of the appellant's brief is quoted with approval as reasonably demonstrating that such conflicts resulted:

"In five different acts the jury attributed contributory negligence to the appellant, each of which it found was a proximate cause of his injuries, as follows:

"Act I. To issues 16, 17, and 18 the jury found that he failed to ascertain whether the loose piece of lumber, which he held with his left hand, was a firm support before releasing his right hand to reach for one of the drawers on the balcony.

"The issues with which these findings are conflicting are 13, 28, 22, and 32.

"To Special Issue 13, it answered that it did not find that he failed to secure hold of a firm support with his left hand before releasing his right hand to reach for one of the drawers on the balcony.

"To Special Issue 28, it answered that it did not find that he reached for the drawer when he was not in a safe position to do so.

"To Special Issue 22, it answered that it did not find he attempted to reach for the drawer when it was out of the reach he would have had while holding to a firm support with his left hand.

"To Issue 32 it answered that his act of reaching for the drawer while on the top rung or step of the ladder was not negligence.

"Act 2. To Special Issues 19, 20, and 21, it found that he leaned back too far in reaching for the drawer when he did not have sufficient support with his left hand to keep him from falling backward, and that such act was negligence.

"To Issue No. 25 it answered it did not find that he reached for the drawer when it was out of his reach.

"Act 3. To Special Issues 34, 35, and 36, it found that he reached for the drawer while standing on the top rung or step of the ladder, while holding only with his left hand a loose piece of lumber on top of a stack in the rack; that such act was negligence. These findings are irreconcilably in conflict with the findings to Issues 13, 28, and 22.

"Act 4. To Special Issues 46, 47, and 48 it found that he failed to come down the ladder when he discovered that it had no rungs or steps up where he intended to hold while reaching for the drawers, and that such failure was negligence.

"These findings as to negligence and proximate cause are in irreconcilable conflict with the findings to Special Issues 13, 28, 32, and 22.

"Act 5. To Special Issues 49, 50, and 51, it found that he tried to get the drawer off the balcony while standing on the ladder to the lumber racks, that such act was negligence. These findings as to negligence and proximate cause are in irreconcilable conflict with the answers to Issues 13, 28, 32, and 22.

### Discussion.

"Act I. If appellant did not fail to secure hold of a firm support with his left hand before releasing his right hand to reach for one of the drawers on the balcony, as was found under Special Issue No. 13, his fall could not have been caused by failing to ascertain whether the loose piece of lumber which he held with his left hand was a firm support before releasing his right hand to reach for one of the drawers on the balcony. If he had a firm support, and Issue 13 directly answered that he did, then whether or not he first ascertained it, could not be the cause of his injury. Nor could it be the cause if he did not reach for the drawer when he was not in a safe position to do so, as was found under Special Issue 28. The jury has characterized his act of reaching for the drawer while standing on the top rung of the ladder as not a negligence one

(Special Issue 32). If his act of reaching was not a negligent one, then his preliminary investigation could not have been, nor could it be, the cause of his fall. In this connection, it was also found, under Special Issue No. 22, that appellant did not attempt to reach for the drawer, when it was out of the reach he would have had while holding to a firm support with his left hand.

"Act 2. To Special Issue 13, it answered, in effect, that appellant did not fail to secure hold of a firm support with his left hand, before releasing his right hand to reach for one of the drawers on the balcony. To Special Issue 22, in effect, it answered that appellant did not attempt to reach for the drawer when it was out of the reach he would have had while holding to a firm support with his left hand. The combined effect of these two findings clearly is that the drawer was not out of the reach which he had under the circumstances, and specifically that he had a firm support with his left hand. This is diametrically opposed to the finding, under Issue 19, that he leaned back too far in reaching for the drawer, when he did not have sufficient support with his left hand to keep him from falling backward. The situation is further complicated by the jury's finding—in response to Special Issue No. 25—that appellant did not reach for the drawer when it was out of his reach, and to Special Issue 28, that he did not reach for the drawer when he was not in a safe position to do so. If he was in a safe position and the drawer was not out of his reach and he had a firm support with his left hand, he simply could not have leaned back too far when he did not have sufficient support with his left hand, and could not have been negligent in his act of reaching for the drawer. And, in addition to the foregoing, it was found—in response to Issue 32—that his act of reaching for the drawer while standing on the top rung or step of the ladder, was not a negligent one.

"Act 3. To Special Issue 13, the jury found that appellant did not fail to secure hold of a firm support with his left hand before releasing his right hand to reach for one of the drawers on the balcony. In answer to Special Issue 34, however, it characterized the grip of his left hand as on a loose piece of lumber on top of a stack in the rack. Whether a loose piece of lumber or not, he could not be negligent in using it, as found in response.to Issue 35, if it was a firm support. The fact that he was standing on the top rung of the ladder, could add nothing, as the jury found in response to Issue 32 that he was not negligent in reaching for the drawer, while standing on the top rung or step of the ladder. But the clearest conflict comes from the answer to Special Issue 28, that appellant did not reach for the drawer, when he was not in a safe position to do so. If that is true, his act of reaching for the drawer while standing on the top rung or step of the ladder, while holding with his left hand to a piece of loose lumber on top of a stack in the rack, could not be negligence, as found in response to Issue 35.

"Act 4. To Issues 47 and 48 it characterized as negligence, proximately causing the fall, appellant's failure to come down the ladder when he discovered it had no rungs or steps up where he intended to hold while reaching for the drawers; but this could not have been negligence, or a proximate cause of his fall, if his act of reaching for the drawers, while standing on the top rung or step of the ladder, was not negligence, (Special Issue 32), and if he did not reach for the drawers when he was not in a safe position to do so (as found in response to Special Issue No. 28).

"Act 5. The jury could not consistently find it was negligence proximately causing appellant's fall that he tried to get the drawer off the balcony while standing on the ladder to the lumber rack (Issues 50 and 51), when it had previously found that reaching for the drawer while standing on the top rung or step of the ladder was not negligence (Special Issue 32), and that he did not reach for the drawer when he was not in a safe position to do so (Issue 28). Here again Issues 13 and 22 are also conflicting, that appellant did not fail to secure hold of a firm support with his left hand before releasing his right to reach for the drawer and did not attempt to reach for the drawer when he was out of the reach he would have had while holding to a firm support with his left hand.

"The above sets of findings of contributory negligence are the only basis for a judgment for the appellee. The judgment itself purports to be based upon the verdict, as it would have to be under Article 2211. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.

"The rule is, of course, thoroughly established that there can be no judgment based on a verdict in which the material findings are hopelessly and irreconcilably in conflict, and that there must be a new trial. 41 Tex.Jur., 1226, Trial—Civil Cases, Section 361. Barnes Bros. v. International &

G. N. Railway, Tex.Com.App., 1 S.W.2d 273; Price v. Seiger, Tex.Com.App., 49 S. W.2d 729."

These conclusions require a reversal of the judgment and a remanding of the cause for another trial; it will be so ordered.

Reversed and remanded.