STATE, CASPAR E. APGAR ET AL., PROSECUTORS, v. JOHN S. VAN SYCKEL, COLLECTOR.

A special school tax, ordered by a special meeting of the voters, which was not called by the board of trustees, and of which the district clerk did not give notice, will be set aside.

On *certiorari.*

The following state of facts is hereby agreed upon in the above cause: that all the tax of the prosecutors has been paid except special school tax in District No. 3, in the county of Hunterdon; that said school district is situated in the townships of High Bridge, Tewksbury and Lebanon; the district clerk of said district did not furnish the township assessor of Tewksbury with a certificate of assessment, and said special school tax was not assessed in the part of the district in Tewksbury; about one-third of the taxable property of the district

is situated in Tewksbury township; the school meeting at which the special tax was ordered was not ordered at a meeting of the trustees; the notices of said meeting were not signed by Abram Philhower, one of the trustees, and he was not notified of a meeting of the trustees or of their purpose to give notice of said meeting.

"CERTIFICATE OF ASSESSMENT.

"*To Abram Philhower, Assessor of High Bridge township, Hunterdon county, State of New Jersey:*

"The legal voters of School District No. 3, in the county of Hunterdon, met in the store-room of John Trimmer, in the township of Lebanon, a public place within said district, on the twenty-seventh day of November, one thousand eight hundred and eighty-two, to determine what amount of special tax should be levied upon the said district for the purpose of rebuilding the school-house recently destroyed by fire, and notice thereof, setting forth the time, place and object of the said meeting, and specifying nine hundred dollars as the amount of money thought necessary to be raised, was given by the trustees, and set up in three public places within the said district ten days before the said meeting; and the said legal voters so met, by the unanimous consent of those present, authorized the trustees of said district to rebuild the said school-house; and by a like vote ordered a tax of nine hundred dollars for the purpose of rebuilding the said school-house; and also ordered, by a like vote, the bonding of the said district for the sum of nine hundred dollars, by issuing three bonds of the district for three hundred dollars each; and ordered, by a like vote, a tax to be levied on the property and inhabitants of the district, according to law, sufficient to pay the bond maturing, together with the accrued interest on all bonds outstanding. And you are therefore commanded and directed to assess the sum of three hundred dollars on the inhabitants of the said school district, and their estates and the taxable property therein, in the year of our Lord one thousand eight hundred and eighty-three, pursuant to the statute in such case made and provided.

"Dated this tenth day of August, one thousand eight hundred and eighty-three.

"ANDREW C. CREGAN, *D. C.*

"State of New Jersey, Hunterdon county, *ss.*—Andrew C. Cregan, being duly sworn, on his oath saith that he is district clerk of School District No. 3, in the county of Hunterdon, and that the above statement by him is correct and true.

"ANDREW C. CREGAN, *D. C.*

"Sworn and subscribed before me this 10th day of August, 1883.

"NATHAN LARGE, *J. P.*"

Argued at June Term, 1884, before Justices KNAPP, DIXON and PARKER, on the annexed state of the case.

The opinion of the court was delivered by

DIXON, J.   The act to establish a system of public instruction, (*Rev., p.* 1070,) requires (section 39, ¶ 11,) that special meetings of the voters of the district should be called by the board of trustees, and (section 86) that notice of such meetings should be given by the district clerk.   Only at a meeting of the voters legally convened can authority be given to levy a tax for the erection of a school-house, (section 39, ¶ 3,) and to support such a tax it must appear that the meeting, if special, was duly summoned.   *State, Lamb, pros.,* v. *Hurff,* 9 *Vroom* 310; *State, Slack, pros.,* v. *Palmer,* 10 *Vroom* 250; *Bogart* v. *Trustees,* 14 *Vroom* 358.   The state of the case shows that neither of these statutory provisions was complied with in the present instance, and consequently the tax must be set aside.