## IMPERIAL LIFE INS. CO. v. BLAZEK.

### No. 10902.

Court of Civil Appeals of Texas. Galveston.

Dec. 21, 1939.

Rehearing Denied Jan. 18, 1940.

Gammage, Gammage & Bauer, Earl W. Gammage, and Charles D. Bauer, all of Houston, and Lester Cross, of Caldwell, for appellant.

Al L. Crystal, of Caldwell, for appellee.

GRAVES, Justice.

This appeal is from a $481.07 judgment against appellant in favor of the appellee, entered by the district court of Burleson County in response to a jury's verdict on special issues, as well as upon independent findings of the court itself from the evidence, as for the sum he was entitled to as the beneficiary under appellant's policy No. P.D. 282 for the face value of $1,000, issued by it on April 2 of 1936 on the life of appellee's deceased mother, Ida Blazek.

The material portion of the appealed from decree being substantially as follows:

"The jury after due deliberation returned into the court, on the 8th day of December, 1938, their unanimous verdict in the form of answers to special issues, the material parts of which verdict being as follows:

"No. 1. What do you find from a preponderance of the evidence was the age of Mrs. Ida Blazek on April 2, 1936? Answer: 54 years, 11 months.

"No. 2. Do you find from a preponderance of the evidence that Mrs. Ida Blazek was suffering from arterio-sclerosis on April 2, 1936? Answer: No.

"No. 4. Do you find from a preponderance of the evidence that Mrs. Ida Blazek was suffering from chronic nephritis on April 2, 1936? Answer: No.

"No. 6. Do you find from a preponderance of the evidence that Mrs. Ida Blazek was suffering from high blood pressure on April 2, 1936? Answer: No.

"No. 11. What do you find from a preponderance of the evidence was the age of Mrs. Ida Blazek at her death on July, 20, 1937? Answer: 57 years.

"No. 12. Do you find from a preponderance of the evidence that the death of Mrs. Ida Blazek on July 20, 1937, was caused by a chronic disease? Answer: No.

"No. 13. What do you find from a preponderance of the evidence was the state of health of Mrs. Ida Blazek on April 2, 1936? Answer: Good.

"And the Court now having under consideration, on this the 16th day of December, A.D.1938, plaintiff's motion for judgment on said verdict, and the matters established by the undisputed evidence; and the Court is of the opinion that the plaintiff is entitled to a sum in conformity with provision under caption 'Reserves' in said policy number P.D. 282, and which sum is admitted to be due and owing plaintiff, in the event the verdict of the jury established that plaintiff would be entitled under the alternative pleadings of the defendant and set out in paragraph 10, pages 7 and 8, of the Defendant's First Amended Original Answer; and the same having been admitted by the testimony of M. J. Carroll for defendant, which sum is admitted as being the sum of $481.07, and which sum the Court is of the opinion that plaintiff is entitled (to)."

It is recited in the appellee's brief, and not denied by the appellant, that the issues thus quoted from the judgment, the findings on which the court terms "the material parts of which verdict", were, together with certain further omitted special issues, Nos. 3, 5, 7 to 10, inclusive,

and 14 to 21, inclusive, all submitted—as embodying the fact issues in the cause—at the request of the appellant; of these last-mentioned ones the record shows that only Nos. 15 to 21, inclusive, were answered, and they—together with the answers thereto—were as follows:

"No. 15. From a preponderance of the evidence when do you find the last premium was paid on Policy No. 5662 of Paramount Life Insurance Company? Answer: Jan. First, 1936.

"No. 16. Do you find from a preponderance of the evidence that Paramount Life Insurance Company was in existence on February 24, 1936? Answer: No.

"If you have answered the above special issue 'No', and only in that event, then you will answer the following special issue:

"No. 17. Do you find from a preponderance of the evidence that Mrs. Ida Blazek knew that Paramount Life Insurance Company was not in existence prior to receipt of letter from Imperial Life Insurance Company, dated February 24, 1936? Answer: No.

"No. 18. Do you find from a preponderance of the evidence that Paramount Life Insurance Company was in existence on April 2, 1936? Answer: No.

"If you have answered the above special issue 'No', and only in that event, then you will answer the following special issue:

"No. 19. Do you find from a preponderance of the evidence that Mrs. Ida Blazek knew that Paramount Life Insurance Company was not in existence on April 2, 1936? Answer: Yes.

"No. 20. Do you find from a preponderance of the evidence that Mrs. Ida Blazek accepted Imperial Life Insurance Company's Policy No. P.D. 282, when she remitted her first premium of $1.92? Answer: Yes.

"No. 21. Do you find from a preponderance of the evidence that the Policy of Insurance, being Numbered P.D. 282 and issued by Imperial Life Insurance Company, insuring the life of Mrs. Ida Blazek, was issued in lieu of Policy Number 5662 issued by Paramount Life Insurance Company, insuring the life of Mrs. Ida Blazek? Answer: Yes."

One of "the matters established by the undisputed evidence", to which that recita-tion in the quoted judgment refers, was this:

By both the appellee's pleading and the uncontroverted testimony, his suit upon appellant's described policy P.D. 282 declared upon same as having been issued by it "in lieu of" a pre-existing policy in like sum upon his mother's life, with himself and his brother designated as beneficiaries therein, issued to her by the Paramount Life Insurance Company of Texas, on October 15 of 1934, under its number 5662, such company having gone into a receiver's hands before the policy in suit was issued by appellant.

Wherefore, the pre-existing Paramount policy disappeared from the picture, and this cause became referable to and was predicated upon appellant's described policy only; it contained, among others not material for present purposes, these provisions:

(1) "The benefits provided in this Policy shall be payable out of the mortuary fund, created as provided by the by-laws of the Company. The maximum liability of the Company under this Policy, on account of the death of the Insured hereunder, shall be the mortuary portion of one assessment from this group, plus a pro rata of any mortuary reserves, if any, but in no event to exceed the face-value of this policy."

(2) "When insured is past 55 years of age at date of issue or reinstatement, should death occur between the fourth and ninth months from date of issue or any reinstatement, the company will be liable only for 10% of the maximum value of this policy, and the liability will automatically increase 10% each four months thereafter until the maximum-value is reached thereby."

Like limitations of liability upon such a company (appellant being a state-wide mutual assessment insurance company, operating under Vernon's Ann.Civ.St. Art. 4859f) have been quite generally upheld. Sessions v. National Mutual Benefit Ass'n, Tex.Civ.App., 103 S.W.2d 815; Imperial Life Ins. Co. v. Cartwright, Tex.Civ.App., 119 S.W.2d 683; National Mutual Benefit Ass'n v. Aaron, Tex.Com.App., 67 S.W.2d 855.

So that, as becomes apparent, the correct determination of the insured's age at the time the policy involved was issued to her on April 2 of 1936, was an indis-

pensable prerequisite to the fixing of what amount might be due her beneficiary at her death on July 20, 1937.

But it is equally plain, upon an inspection of it, that the jury's verdict does not furnish such a finding—on the contrary, its answers to special issues 1 and 11 on that important inquiry being contradictory and self-destructive; in other words, the mere subtraction of 15 months— the period the policy was in force—from the 57 years, found as the insured's age at the time of her death on July 20, of 1937, would show her to have been past 55 when she got the policy on April 2 of 1936.

There was testimony in support of both these conflicting determinations, and the learned trial Judge's independent findings in no way cleared up the resulting confusion.

Under well-settled authority, this situation left the court not only without proper basis for any judgment for either party, but no alternative than to declare a mistrial. Title "Trial-Civil Cases", 41 Tex. Jur. par. 361, p. 1226; Northern Texas Traction Co. v. Armour & Co., 116 Tex. 176, 288 S.W. 145; Barnes Bros. v. International & G. N. Ry. Co., Tex.Com.App., 1 S.W.2d 273; Price v. Seiger, Tex.Com. App., 49 S.W.2d 729.

Appellant sought such relief by timely motion, but it was overruled; that action constituted reversible error.

The judgment will accordingly be reversed, and the cause remanded for a new trial.

Reversed and remanded.