113 N.J. Super. 263 (1971)
273 A.2d 597
RICHARD VISOTCKY, CARMINE J. PERRAPATO, JOSEPH KOBYLARZ, BENJAMIN ATTARDI, JOHN J. PRELICH, JR., PLAINTIFFS AND ALEXANDER CHABORA, PLAINTIFF-RESPONDENT,
v.
CITY COUNCIL OF THE CITY OF GARFIELD, BOARD OF EDUCATION OF THE CITY OF GARFIELD, WENDY MIKO, GERALD DE MURO, EDWARD WALENCIAK, MICHAEL FLOWA, TRIFONIO RIZZO AND RALPH W. CHANDLESS, DEFENDANTS AND ANTHONY BARCKETT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1971.
Decided February 3, 1971.
*264 Before Judges KILKENNY, HALPERN and LANE.
Mr. Ralph W. Chandless argued the cause for appellant (Mr. Edward Plechota, attorney).
Mr. Vincent P. Rigolosi argued the cause for respondent.
The opinion of the court was delivered by KILKENNY, P.J.A.D.
Defendant Anthony Barckett appeals from those parts of the final judgment entered in the Law Division on March 24, 1970 whereby it was adjudged that the appointment of plaintiff Alexander Chabora as a member of the board of education of the City of Garfield was valid and that the appointment of defendant Anthony Barckett as a member of said board was invalid.
The facts are not in dispute. On December 16, 1969 Theodore Vagell resigned as a member of the board of education. On December 22, 1969 the then Mayor Gotthold Rose, whose term of office as mayor was expiring at noon on January 1, 1970, appointed defendant Barckett to fill the vacancy caused by the resignation of Vagell. Garfield is a "Type I" school district, pursuant to N.J.S.A. 18A:9-1 and 2(b), having previously been governed by Title 18, chapter 6, of the Revised Statutes. As such, the mayor has the sole power of appointment of members of the local board of education. Barckett subscribed to an oath of office on December 31, 1969 before a notary public, which was presumably filed on December 31, 1969, with the City *265 Clerk according to an unsigned verification in the record before us.
On January 5, 1970 the new mayor, Richard Visotcky, who had assumed office at noon on January 1, 1970, appointed plaintiff Chabora to the board of education to fill the vacancy caused by the resignation of Vagell. Chabora took his oath of office the same day.
Plaintiffs challenged the validity of Barckett's appointment by the outgoing mayor to the board of education, claiming that it was "illegal" in that (1) it was contrary to the provisions of N.J.S.A. 18A:12-2, because Barckett, at the time of his appointment as a member of the board, was a teacher in the Garfield school system and under contract with the board to teach in the local schools, and (2) the resignation of Vagell had never been accepted or otherwise acted upon by the board of education or other proper authorities at the time of Barckett's appointment.
Barckett was employed as a teacher by the board of education at the time of his appointment and was under a written contract with the board to teach in the local system for the then current year. He continued to teach in Garfield until June 30, 1970, and was paid and accepted his salary for his services under the teaching contract. His attorney wrote a letter dated February 4, 1970 to Judge Trautwein, who heard the matter in the Law Division, expressing his client's willingness to "give up the teaching job," but this was conditioned upon its being "determined that he is disqualified unless he gives up the teaching job." He continued to teach in Garfield, as noted above.
Judge Trautwein decided that Barckett's appointment to the board of education, by whom he was employed under contract, was invalid from its inception, "nunc pro tunc." He found that there was "such a patent inconsistency and danger built into a person serving as a teacher in a school system in a town and also serving on a Board of Education, who is his employer, and I believe this statute [N.J.S.A. 18A:12-2] was violated in this instance."
*266 Common sense dictates the conclusion that being a school teacher and a member of a board of education in the same school district is patently incompatible. "The members of the board of education of a municipality are public officers holding positions of public trust. They stand in a fiduciary relationship to the people whom they have been appointed or elected to serve." Cullum v. Board of Education, North Bergen Tp., 27 N.J. Super. 243, 248 (App. Div. 1953). A teacher's position is also one of public service, but the teacher is an employee whereas the board of education is the employer. There are many potential conflicts of interest between the two. "It is no answer to say that the conflict in duties outlined above may never in fact arise. It is enough that it may * * *." Jones v. MacDonald, 33 N.J. 132, 138 (1960). The widespread differences throughout our State in matters of salary negotiations, with resultant "job actions" by teachers and injunctions obtained by boards of education against teacher activities, remind us vividly of the conflicts between teachers and boards of education. A teacher's self-interest can readily run counter to a board member's loyalty to the public. We entertain no doubt that an individual may not properly act contemporaneously as a teacher and a member of the board of education in the same school district. The positions are incompatible and represent intolerable potential conflicts of interest.
N.J.S.A. 18A:12, Article I, entitled "Qualifications," lends support to the conclusion that one may not qualify as a member of a board of education, if he is at the same time bound by a contract with the board. Section 1 of this Article sets forth the qualifications of citizenship: two years at least of residence preceding appointment or election, and ability to read and write. Section 2 of the same statutory Article dealing with "Qualifications" provides:
No member of any board of education shall be interested directly or indirectly in any contract with or claim against the board.
*267 The heading of this section reads: "Inconsistent interests prohibited." Certainly, defendant teacher was directly interested in his contract with the board of education.
It is noteworthy that L. 1960, c. 93, § 1 is listed as a source of N.J.S.A. 18A:12-1 and 2. The 1960 statute combined sections 1 and 2 in one paragraph, thus indicating the several qualifications required. The separation into sections under the same Article indicate an attempt at clarity. We read into N.J.S.A. 18A:12-1 and 2 the need for all the qualifications expressed therein.
Defendant argues that his acceptance of board membership vacated his teacher's position rather than prevented his appointment to the board. Reliance is placed upon De Feo v. Smith, 17 N.J. 183, 190 (1955), where it was held that, "The acceptance of the second office ipso facto vacates the first." In that case the issue was whether defendant's appointment as chosen freeholder vacated his office as member of the county board of taxation. The Supreme Court held that the duties of the offices were such that the public interest might be disserved by the common holding of both offices. Accordingly, acceptance of the second and incompatible office was deemed to vacate the first office.
The instant case is distinguishable from De Feo v. Smith. Here, defendant teacher was bound by his teaching contract for the school term and was not legally free to abandon one public job for another. Secondly, he kept his former position as a teacher and enjoyed the emoluments flowing therefrom. While he offered to resign as a teacher, the offer was conditioned upon an adverse determination and never effectively carried out.
We find no substantial merit in the contention that judicial determination of disqualification was necessary before plaintiff Chabora could be duly appointed to the board of education. Barckett's appointment was invalid from its inception. The subsequent judicial declaration was expressly made "nunc pro tunc."
The judgment is, in respect to the issues involved herein, affirmed.