The Honorable Jonathan S. Fitch State Senator Route 1 Hindsville, AR 72738
Dear Senator Fitch:
This is in response to your request for an opinion on the following question:
 Can a teacher who resides in a particular school district and is an employee of that school district be a candidate for, and serve as, a school board member of that district of which he or she is employed?
While this is certainly a "gray" area of the law, it is my opinion that if faced with this question, a court would in all likelihood determine that an unlawful conflict of interest exists between the position of school teacher and the office of school board director, precluding one from serving in both capacities. This conclusion is compelled in part by a review of case law in other jurisdictions, and by relevant Arkansas statutes.
A review of cases set forth in an American Law Reports, Third Series, annotation indicates that other jurisdictions addressing this subject have held or recognized that a teacher cannot serve as a member of a school board, or other similar body governing the district in which the teacher is employed. 70 ALR3d 1188 (1976). See also 78 C.J.S. Schools 155. The case of Haskins v. State, 516 P.2d 1177 (1973) is set forth in full at 70 ALR3d 1171, wherein the Wyoming Supreme Court held that employment as a teacher and holding office as a member of the school board of trustees reflects a conflict of interest proscribed under the common law rule of "incompatibility." While we find no cases directly on point, the Arkansas Supreme Court has addressed this rule in other contexts. See, e.g., State ex rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1909); Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). I believe that the Wyoming Court's reliance upon a New Jersey Supreme Court decision is particularly instructive for purposes of assessing an Arkansas court's likely resolution of this issue. The New Jersey court in Visotcky v. City Council of the City of Garfield, 113 N.J. Super. 263, 273 A.2d 597 (1971) concluded that a school teacher position and board of education membership are "patently incompatible" 273 A.2d at 600. A particular state statute influenced the court's final conclusion that one may not qualify as a member of a board. The New Jersey statute (N.J.S.A. 18A: 12, Art. I, Section 2) states that "No member of any board of education shall be interested directly or indirectly in any contract with or claim against the board."
Arkansas Code Annotated 6-13-617 should be considered in light of the New Jersey Court's ruling in Visotcky, supra. This code provision states in pertinent part as follows under subsection (a):
 Each director elected or appointed shall, within ten (10) days after receiving notice of his election or appointment, subscribe to the following oath:
 `I, _________, do hereby solemnly swear or affirm, that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will not be interested, directly or indirectly, in any contract made by the district of which I am a director, except that said contract be for materials bought on open competitive bid and let to the lowest bidder and that I will faithfully discharge the duties as school director in ________ School District, No. ____ of ________ County, Arkansas, upon which I am about to enter.'
(b) The county clerk, upon receipt of the oath prescribed for a director, shall immediately commission such persons, and they shall enter at once upon their duties as directors.
It may reasonably be concluded that an Arkansas Court would similarly determine that one may not qualify as a school director if he is currently employed under a teaching contract with the district. See A.C.A. 6-13-620(3). The New Jersey statute apparently ultimately influenced that court's conclusion that the positions are incompatible. And it should be recognized that the Arkansas Supreme Court has exhibited a willingness to review decisions in other jurisdictions with respect to a school director's interest in contracts with the district. See, e.g. Smith v. Dandridge, 98 Ark. 38, 41, 135 S.W.2d 800 (1911).
It is therefore my opinion, based upon the foregoing, that an Arkansas court would in all likelihood follow the majority rule and conclude that an unlawful conflict of interest exists between the position of school teacher and the office of school board director, precluding one from serving in both capacities.
In response to your question involving the teacher's candidacy for a school director position, it has been stated that one is not ineligible for appointment or election to another incompatible position in the absence of a statute so providing. 67 C.J.S. Officers 27. It may also be significant to note in this regard that Arkansas apparently adheres to the rule that where it is not otherwise specified in our statutes or constitution, eligibility means being qualified at the time of commencement of the term and induction into office. See e.g. Jessup v. Hancock, 238 Ark. 866,869, 385 S.W.2d 24 (1964). It may thus be successfully contended that a teacher's candidacy for a school director position is unaffected by the incompatibility issue.
Ordinarily, acceptance of another incompatible position vacates the former. 67 C.J.S. Officers 27; see also Byrd v. State, supra. However, it is my opinion that an Arkansas court would in this instance probably follow the lead of the Wyoming court in Harris v. State, supra, and conclude that the school director position will be vacated upon a teacher's attempted acceptance of that office. This conclusion is also compelled by the oath required of a school director under A.C.A. 6-13-617, supra. As previously noted, a similar provision led the New Jersey court in Visotcky, supra, to conclude that a teacher could not qualify as a member of a school board. In conclusion, therefore, it is my opinion that a teacher cannot serve as a school board member.
This is in response to your request for an opinion Assistant Attorney General Elisabeth A. Walker.