226 N.J. Super. 626 (1988)
545 A.2d 241
AARON SCHULMAN, PLAINTIFF-RESPONDENT,
v.
BERNADETTE O'REILLY-LANDO, JERSEY CITY BOARD OF SCHOOL ESTIMATE AND MAYOR AND COUNCIL OF THE CITY OF JERSEY CITY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1988.
Decided August 4, 1988.
*627 Before Judges KING, GAULKIN and GRUCCIO.
Richard A. Friedman argued the cause for defendant-appellant Bernadette O'Reilly-Lando (Ruhlman, Butrym & Friedman, attorneys, Richard A. Friedman and Carol Trovato, on the brief).
Paul W. Mackey, First Assistant Corporation Counsel, argued the cause for defendant-appellant City of Jersey City *628 Board of School Estimate and Mayor and Council of the City of Jersey City (Thomas Fodice, Corporation Counsel, attorney).
Nancy Kaplen Miller, Deputy Attorney General, argued the cause for the Commissioner of Education amicus curiae (W. Cary Edwards, Attorney General of New Jersey, attorney, Michael R. Clancy, Deputy Attorney General, of counsel).
No appearance for respondent Aaron Schulman.
The opinion of the court as delivered by KING, P.J.A.D.
Plaintiff Schulman, then a member of the Jersey City Board of School Estimate and the Jersey City Board of Education, brought this suit in March 1987 seeking the removal of Bernadette O'Reilly-Lando, a member of City Council of Jersey City, from her position on the Board of Estimate. He claims that because she worked as a school nurse for the Board of Education she had an irreconcilable conflict of interest in reviewing the school budget as a member of the Board of Estimate.[1] The Law Division judge ordered O'Reilly-Lando's removal from the Board of Estimate because of this conflict of interest. Concluding that N.J.S.A. 18A:6-8.4 permits O'Reilly-Lando to serve, we reverse.
O'Reilly-Lando was appointed as a school nurse by the Board of Education and works under its direction. See N.J.S.A. 18A:40-3.1. She is also an elected member of the Jersey City Municipal Council and was appointed to the Board of Estimate by City Council. The Board of Estimate in a Type I school district, such as Jersey City, has five members  the Board of Education appoints two members, the governing body appoints *629 two members, and the mayor or other chief executive officer of the municipality serves as the fifth member. N.J.S.A. 18A:22-1. The function of the Board of Estimate is to review the budget prepared by the Board of Education and "fix and determine" the amount of money to be appropriated for the school system. N.J.S.A. 18A:22-14.
Our conclusion in this case rests on the wording of N.J.S.A. 18A:6-8.4, L. 1972, c. 151, which states
No person employed by a public educational system or institution in a position which requires a certificate issued by the State Board of Examiners, or employed in a professional educational capacity by a school, college, or university which is either tax-supported or operated under contract with the State or on behalf of the State shall be disqualified by reason of such employment from holding any elective or appointive State, county or municipal office excepting as member of the board or body by which he is employed.
O'Reilly-Lando contends that N.J.S.A. 18A:6-8.4 permits her to hold a position on the Board of Estimate even though she is employed as a school nurse in the Jersey City school district. She also claims that there is no violation of the common-law principles of incompatibility in holding dual offices.
We conclude that O'Reilly-Lando's situation fits within the literal terms of the statute. She is employed by a public educational system, and, as a school nurse, is required to have a certificate issued by the State Board of Examiners. N.J.S.A. 18A:1-1; N.J.A.C. 6:11-12.9. The plaintiff and the Commissioner of Education urge a "sensible" or less literal interpretation of the statute upon us because of the possibility of conflicting interests. While we are not insensitive to these imprecations as a matter of policy, we are restrained by the reality that the policy decision has been made by the legislature.
"If the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act's literal terms to divine the Legislature's intent." State v. Butler, 89 N.J. 220, 226 (1982); Ingraham v. Travelers *630 Companies, 217 N.J. Super. 126, 129 (App.Div. 1987), aff'd o.b. 110 N.J. 67 (1988); Dacunzo v. Edgye, 19 N.J. 443, 451 (1955); 2A Sutherland, Statutory Construction, (4th ed 1984) § 46.01 at 73.
The extant legislative history consists of Governor Cahill's message upon signing the legislation. It reads
Governor William T. Cahill today signed legislation permitting teachers and educational professionals in public and publicly supported educational systems to hold elective or appointive state, county or municipal offices.
The Governor at the signing of Assembly Bill 1355 sponsored by Assemblyman Thomas H. Kean (R-Essex) noted, however, that no one may serve as a member of the board of a body by which he is employed.
The Governor said the bill will resolve questions raised by recent court decisions on the legality of teachers serving in governmental positions. It provides a safeguard to prevent a teacher from serving on the same board by which he is employed. "New Jersey has been fortunate in many instances in which teachers have served with distinction in various phases of government. They are very well qualified to do so and this legislation will permit them to continue such service."
The legislation grew out of a Passaic County case in May of this year in which it was ruled that a teacher may not serve as a member of a municipal governing body because of the potential review of that teacher's salary by the municipal governing body in the event that a school budget has been rejected by the voters. [Probably an allusion to Visotcky v. City Council of Garfield, 113 N.J. Super. 263 (App.Div. 1971), or perhaps Kaufman v. Pannuccio, 121 N.J. Super. 27, 31 (App.Div. 1972)].
The Governor's message is part of the legislative process and may be considered in determining legislative intent. McGlynn v. New Jersey Public Broadcasting Authority, 88 N.J. 112, 159 (1981). The intent appears clear: to permit teacher staff members to participate fully in the process of government excepting only membership on the board of education by which they are employed. Common-law concepts of incompatibility of offices and conflict of interests, see Reilly v. Ozzard, 33 N.J. 529, 543 (1960), must yield to the legislative will as so clearly expressed.
Reversed.
NOTES
[1] No contention was made either at the trial level or here that O'Reilly-Lando is "employed by" the Board of School Estimate within the meaning of N.J.S.A. 18A:6-8.4.