922 A.2d 805

BOARD OF EDUCATION OF THE CITY OF SEA ISLE, CAPE MAY COUNTY, PETITIONER–RESPONDENT, v. WILLIAM J. KENNEDY, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 6, 2007—Decided May 15, 2007.

Before Judges AXELRAD, R.B. COLEMAN and GILROY.

*Robert P. Merenich* argued the cause for appellant (*Gemmel, Todd & Merenich,* attorneys; *Mr. Merenich,* on the brief).

*John R. Armstrong* argued the cause for respondent *Board of Education of the City of Sea Isle* (*Cooper Levenson April Niedelman & Wagenheim,* attorneys; *Mr. Armstrong,* on the brief).

*Carolyn Grace Labin,* Deputy Attorney General, argued the cause for respondent *State Board of Education* (*Stuart Rabner,* Attorney General, attorney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel; *Ms. Labin,* on the brief).

The opinion of the court was delivered by

**GILROY, J.A.D.**

The issue raised on appeal is whether the School Ethics Act, *N.J.S.A.* 18A:12–21 to –34, specifically *N.J.S.A.* 18A:12–24j,[1] creates an exception to the prohibition on conflicts of interest in *N.J.S.A.* 18A:12–2.[2] We decide this matter of first impression in the negative.

Appellant William J. Kennedy, a former member of the Board of Education of the City of Sea Isle (Sea Isle BOE), appeals from the final decision of the State Board of Education (State Board) entered on January 6, 2006, affirming the decision of the Commissioner of Education (Commissioner), which removed appellant from his seat as a member of the Sea Isle BOE. We affirm.

Appellant's son, M.K., has been diagnosed with an autism spectrum disorder and receives special education in the Sea Isle City School District through an Individualized Special Education Program (IEP). Appellant was first elected to the Sea Isle BOE in 2001. On June 29, 2003, appellant resigned. After his resignation, appellant and his wife filed a due process complaint with the Department of Education (Department) against the Sea Isle BOE on behalf of M.K., disputing their son's special education services, pursuant to the Individuals with Disabilities Education Act (IDEA), 20 *U.S.C.* §§ 1400 to 1482. The action was settled on April 27, 2004, pursuant to a stipulation by the parties.

During the settlement process, appellant won a second term on the Sea Isle BOE, and on April 28, 2004, he assumed the position of its president. However, on March 1, 2005, appellant, on behalf of M.K., filed applications with the Department for emergent relief and for enforcement of the 2004 stipulation of settlement against

---

[1] *N.J.S.A.* 18A:12–24j provides: "Nothing shall prohibit any school official, or members of his immediate family, from representing himself, or themselves, in negotiations or proceedings concerning his, or their, own interest."

[2] *N.J.S.A.* 18A:12–2 provides in pertinent part: "No member of a board of education shall be interested directly or indirectly in any contract with or claim against the board...."

the Sea Isle BOE. Appellant claimed that M.K. "has been abused and continues to be abused in his current placement and ... this abuse is the direct result of a lack of support that [M.K.] and his teacher's aide should be receiving from district personnel and behavioral consultants."

On March 5, 2005, the Sea Isle BOE filed a petition with the Commissioner, seeking a declaratory ruling that appellant was disqualified from holding a position on the local board because the two applications, although filed on behalf of appellant's son, created an impermissible conflict of interest under *N.J.S.A.* 18A:12–2. After appellant filed his answer, the matter was referred to the Office of Administrative Law (OAL) as a contested proceeding.

On May 16, 2005, the Administrative Law Judge (ALJ) recommended that the Sea Isle BOE's petition be dismissed, determining that the local board had failed to demonstrate an incompatible interest on the part of appellant. The ALJ concluded that *N.J.S.A.* 18A:12–24j created an exception to *N.J.S.A.* 18A:12–2. In making his decision, the ALJ relied on an October 12, 2004, School Ethics Commission (SEC) advisory opinion in a different matter, which had determined that a parent did not have a substantial conflict of interest in violation of *N.J.S.A.* 18A:12–24a [3] or –24g [4] by serving as a member of a local board of education while pursuing an appeal of a Section 504 [5] determination. The

---

[3] *N.J.S.A.* 18A:12–24a provides: "No school official or member of his immediate family shall have an interest in a business organization or engage in any business, transaction, or professional activity, which is in substantial conflict with the proper discharge of his duties in the public interest."

[4] *N.J.S.A.* 18A:12–24g provides in pertinent part: "No school official or business organization in which he has an interest shall represent any person or party other than the school board or school district in connection with any case, proceeding, application or other matter pending before the school district in which he serves or in any proceeding involving the school district in which he serves...."

[5] Section 504 refers to § 504 of the Rehabilitation Act of 1973. 29 *U.S.C.* § 794(a).

SEC did advise, however, that the board member in that case "must abstain from all board discussions and decisions involving the [section] 504 determination pursuant to *N.J.S.A.* 18A:12–24c."

On June 30, 2005, the Commissioner rejected the ALJ's initial decision, determining that *N.J.S.A.* 18A:12–2 controlled, and that *N.J.S.A.* 18A:12–24j does not serve as an exception to *N.J.S.A.* 18A:12–2. The Commissioner found that "[h]aving elected to pursue two legal claims against the district alleging violation of the educational rights of his child, there can be no question that [appellant] has an interest of the most direct and personal nature in a claim against the Board...." The Commissioner directed that appellant be removed from his seat on the Sea Isle BOE and directed the Cape May County Superintendent of Schools to fill the vacancy in the April 2006 election. In doing so, the Commissioner determined that the School Ethics Act is intended to guide the conduct of qualified board members, whereas *N.J.S.A.* 18A:12–2 provides the standard for determining whether an individual is qualified to be a board member. Lastly, the Commissioner determined that *N.J.S.A.* 18A:12–2 falls within his jurisdiction and that he is not bound by the SEC's interpretation of the School Ethics Act. The State Board affirmed the Commissioner's decision on January 6, 2006.

On appeal, appellant argues:

POINT I.

THE STATE BOARD OF EDUCATION DECISION UPHOLDING MR. KENNEDY'S REMOVAL, A DECISION WHICH INTERPRETS CONFLICT OF INTEREST PROVISIONS NOT EXCLUSIVELY WITHIN THIS AGENCY'S EXPERTISE, IS NOT ENTITLED TO THIS COURT'S JUDICIAL DEFERENCE.

POINT II.

THE EXPANSIVE CONFLICT OF INTEREST PROVISIONS OF THE SCHOOL ETHICS ACT HAVE SUBSUMED OR ENCOMPASSED THE GENERAL CONFLICT OF INTEREST PROHIBITIONS SET FORTH IN *N.J.S.A.* 18A:12–2 TO THE EXTENT THAT THIS PROVISION HAS BEEN REPEALED *SUB SILENTIO*, OR, AT THE VERY LEAST, READ IN *PARI MATERIA*, THE LEGISLATURE'S ALLOWANCE OF A BOARD MEMBER TO PARTICIPATE IN ANY PROCEEDING ON [ ] BEHALF OF A FAMILY MEMBER PURSUANT TO *N.J.S.A.* 18A:12–24(J), WHICH MODIFIES THE

EXPANSIVE CONFLICT OF INTEREST PROVISIONS OF [THE] SCHOOL ETHICS ACT, LIKEWISE MODIFIES THE CONFLICT OF INTEREST PROVISIONS SET FORTH AT *N.J.S.A.* 18A:12–2. AS SET FORTH IN AN ETHICS COMMISSION ADVISORY OPINION ON VIRTUALLY THE SAME TOPIC, MR. KENNEDY SHOULD HAVE BEEN PERMITTED TO PURSUE THE DUE PROCESS PETITION FILED ON BEHALF OF HIS DISABLED SON SO LONG AS HE OBSERVED COMMON RECUSAL PRECAUTIONS AS REQUIRED BY *N.J.S.A.* 18A:12–24(C).

*POINT III.*

A BOARD MEMBER'S DUE PROCESS PETITION DISPUTING A DISABLED CHILD'S IEP AS TO WHETHER FAPE [FULL AND APPROPRIATE PUBLIC EDUCATION] HAS BEEN PROVIDED TO THAT CHILD IN THE LEAST RESTRICTIVE ENVIRONMENT IS NOT A DISQUALIFYING "CLAIM" AGAINST THE BOARD UNDER *N.J.S.A.* 18A:12–2 BUT RATHER, AND MORE ACCURATELY, THE DUE PROCESS PETITION IS NOTHING MORE THAN A REQUEST FOR AN IMPARTIAL HEARING TO RESOLVE A DISPUTE BETWEEN A PARENT (OR GUARDIAN) AND THE IEP TEAM FILED ON BEHALF OF THE CHILD AS TO THE PROPRIETY OF THAT IEP; AT THE VERY LEAST *N.J.S.A.* 18A:12–24(J) PERMITS A BOARD MEMBER PARENT, SUCH AS MR. KENNEDY, TO PARTICIPATE IN PROCEEDINGS, SUCH AS THE DUE PROCESS IMPARTIAL HEARING, ON BEHALF OF HIS OR HER DISABLED SON.

The judicial role in reviewing decisions of administrative agencies is limited. "Our function is to determine whether the administrative action was arbitrary, capricious or unreasonable." *Burris v. Police Dep't, Township of W. Orange,* 338 *N.J.Super.* 493, 496, 769 *A.*2d 1112 (App.Div.2001) (citing *Henry v. Rahway State Prison,* 81 *N.J.* 571, 580, 410 *A.*2d 686 (1980)). "Absent arbitrary, unreasonable or capricious action, the agency's determination must be affirmed." *Wnuck v. New Jersey Div. of Motor Vehicles,* 337 *N.J.Super.* 52, 56, 766 *A.*2d 312 (App.Div.2001) (citing *R & R Mktg., L.L.C. v. Brown–Forman Corp.,* 158 *N.J.* 170, 175, 729 *A.*2d 1 (1999)).

Additionally, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" *Ibid.* (quoting *In re Appeal by Progressive Cas. Ins. Co.,* 307 *N.J.Super.* 93, 102, 704 *A.*2d 562 (App.Div.1997)). "[An] agency's interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable." *Metromedia,*

*Inc. v. Director, Div. of Taxation,* 97 *N.J.* 313, 327, 478 *A.*2d 742 (1984). Although this court must give deference to an administrative agency charged with the interpretation of the law, this court is not bound by an agency's legal opinions. *Levine v. State, Dep't of Transp.,* 338 *N.J.Super.* 28, 32, 768 *A.*2d 192 (App.Div.2001) (citing *G.S. v. Dept. of Human Servs., Div. of Youth and Family Servs.,* 157 *N.J.* 161, 170, 723 *A.*2d 612 (1999)); *see also, Mayflower Secs. v. Bureau of Secs.,* 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973).

## I.

Appellant argues that the School Ethics Act, specifically *N.J.S.A.* 18A:12–24j, creates an exception to the prohibition on conflicts of interest in *N.J.S.A.* 18A:12–2. We disagree.

*N.J.S.A.* 18A:12–2 prohibits a school board member from serving when he or she has a conflict of interest: "No member of any board of education shall be interested directly or indirectly in any contract with or claim against the board...." Whether a board member has such a conflict "must be examined on a case-by-case basis ... as to whether the circumstances in the matter demonstrate that the board member would benefit in a substantial and material way from said claim." *Bd. of Educ. of Tp. of Holmdel v. O'Connel,* 1990 *S.L.D.* 674, 680. A public official's interest need not be pecuniary in nature for the prohibition to apply. *Aldom v. Borough of Roseland,* 42 *N.J.Super.* 495, 502, 127 *A.*2d 190 (App.Div.1956). "It may be indirect; it is such an interest as is covered by the moral rule: no man can serve two masters whose interests conflict." *Ibid.*

The question becomes "whether the officer, by reason of a personal interest in the matter, is placed in a situation of temptation to serve his own purposes to the prejudice of those for whom the law authorizes him to act as a public official." *Ibid.* "[T]he pivotal issue is whether the board member's claim is intended to vindicate the public's interest or instead will accrue to the board member's personal benefit." *Bd. of Educ. of Tp. of*

*Jackson, Ocean County v. Acevedo*, 92 *N.J.A.R.*2d (EDU) 163, *16, *adopted in part, modified in part,* Commissioner's decision (February 6, 1992). If a board member's claim is made in the interests of the public, then "the board member is not subject to disqualification, but he or she may be required to abstain from any discussions or votes regarding the litigation." *Ibid.*

The School Ethics Act contains a similar provision:

> No school official or business organization in which he has an interest shall represent any person or party other than the school board or the school district in connection with any cause, proceeding, application or other matter pending before the school district in which he serves or in any proceeding involving the school district in which he serves or, for officers or employees of the New Jersey School Board Association, any school district.
>
> [*N.J.S.A.* 18A:12–24g.]

However, subsection –24j of the same statute provides an exception to subsection –24g's prohibitions: "Nothing shall prohibit any school official, or members of his immediate family, from representing himself, or themselves, in negotiations or proceedings concerning his, or their, own interests." *N.J.S.A.* 18A:12–24j.

Article 1 of Chapter 12 to Title 18A of the Revised Statutes is entitled "Qualifications" and sets forth the necessary criteria that an individual must possess to serve on a local board of education. *Visotcky v. City Council of Garfield,* 113 *N.J.Super.* 263, 266, 273 *A.*2d 597 (App.Div.1971). One criterion is that any prospective candidate for the position must be free of conflicts of interest with the local board. *Id.* at 266–67, 273 *A.*2d 597; *N.J.S.A.* 18A:12–2. Claims regarding an individual's qualifications to serve on a local board fall under the Commissioner's jurisdiction. *N.J.S.A.* 18A:6–9. However, *N.J.S.A.* 18A:12–24j falls under Article 6 of Title 18A, entitled "Standards of Ethical Conduct." It is under this Article that the Legislature created the School Ethics Act. The Act falls under the purview of the School Ethics Commission (SEC). *N.J.S.A.* 18A:12–27. The SEC determines whether the conduct by a sitting board member, or other school official, constitutes a violation of the Act, and if it does, it recommends an appropriate sanction to the Commissioner.

*N.J.S.A.* 18A:12-29c. Accordingly, we conclude that *N.J.S.A.* 18A:12-2 and *N.J.S.A.* 18A:12-24j govern different situations. *N.J.S.A.* 18A:12-2 outlines several of the requirements necessary for an individual to qualify as a board member, whereas *N.J.S.A.* 18A:12-24 governs the actions of a qualified board member during his or her term on the board. Stated differently, an individual must qualify as a board member under *N.J.S.A.* 18A:12-2 before his or her actions as a board member are regulated by the School Ethics Act.

In appellant's March 1, 2005, application for emergent relief, he claimed that his son "has been abused and continues to be abused in his current placement and that this abuse is the direct result of a lack of support ... from district personnel and behavioral consultants." Appellant contends that in pursuing the claims on behalf of his son "that there are no facts that would mandate [his] automatic disqualification as a member of the Board[,] provided that [he] undertakes to abstain from discussions and deliberations regarding [M.K.] and the claims and issues that have been asserted on his behalf." The Commissioner rejected this argument, determining that appellant's recusal from all proceedings regarding his son's claims was not enough to cure the conflict:

> Rather ... *N.J.S.A.* 18A:12-2 is a disqualifying statute, identifying situations that are inherently incompatible with membership on a board of education.... At a minimum, [appellant] would routinely be—or equally important, have the opportunity to be—privy to matters involving staffing, programming, and personnel issues that directly or indirectly relate to issues implicated in his claim against the Board, raising both the temptation to act in his own interest and the appearance that he may have done so.

We agree.

We are satisfied that the Department's decision removing appellant from his seat on the board was reasonable, given the severity of the claims presented and the potential for future conflicts in appellant's decision-making as a board member. Additionally, appellant has since filed a complaint in the United States District Court for the District of New Jersey under the IDEA "for

declaratory, enforcement, compensatory, reimbursement and mandatory injunctive relief" against the board. In that action, appellant is claiming compensatory damages and reimbursement of expenses, which under *N.J.S.A.* 18A:12–2, creates a material and substantial benefit to his family; therefore, his claims against the board constitute an impermissible conflict of interest, and his removal from his seat was both appropriate and reasonable.

Lastly, contrary to appellant's suggestion, nothing within the Commissioner's decision suggests that parents, who are also board members, must waive their rights to pursue an IDEA claim against the board upon which they sit. Rather, as the Commissioner stated, they must make a choice: a "parent—like anyone else whose board service requires them to relinquish a claim or contract they would otherwise have the right to pursue—may not simultaneously sit as a board member while maintaining an action against [the board]."

## II.

 Next, we address appellant's argument that *N.J.S.A.* 18A:12–24j overrules *N.J.S.A.* 18A:12–2, *sub silentio,* because the two statutes stand for conflicting positions, with *N.J.S.A.* 18A:12–2 having been enacted earlier in time. Determining that "[t]here is a strong presumption in the law against implied repealers," *Brewer v. Porch,* 53 *N.J.* 167, 173, 249 *A.*2d 388 (1969), we disagree.

When the School Ethics Act was enacted in 1991, it did not expressly repeal *N.J.S.A.* 18A:12–2. Additionally, *N.J.S.A.* 18A:12–24 has been amended twice since 1991, and in neither the 1995 nor the 1999 amendment did the legislature state that *N.J.S.A.* 18A:12–24j repealed *N.J.S.A.* 18A:12–2. Accordingly, any repeal of *N.J.S.A.* 18A:12–2 would have to be implied.

 In interpreting two seemingly conflicting statutes, "[e]very reasonable construction should be applied to avoid a finding of implied repealer." *Tp. of Mahwah v. Bergen County Bd. of Taxation,* 98 *N.J.* 268, 281, 486 *A.*2d 818 (1985). "A repeal

by implication requires clear and compelling evidence of the legislative intent, and such intent must be free from reasonable doubt." *Id.* at 280, 486 *A.*2d 818. "Only when a later expression of legislative will is clearly in conflict with an earlier statute on the same subject will courts find a legislative intent to supersede earlier law." *Division of Motor Vehicles v. Kleinert,* 198 *N.J.Super.* 363, 369, 486 *A.*2d 1324 (App.Div.1985). When two statutes can reasonably exist together, "each in its own particular sphere of action," it cannot be said that the design of the later statute was to repeal the earlier one. *Swede v. City of Clifton,* 22 *N.J.* 303, 317, 125 *A.*2d 865 (1956). We are satisfied that under these principles, *N.J.S.A.* 18A:12–2 was not repealed *sub silentio.*

*N.J.S.A.* 18A:12–2 and *N.J.S.A.* 18A:12–24 involve separate spheres of a board member's term of office. As stated previously, *N.J.S.A.* 18A:12–2, determines whether an individual is qualified to sit as a member of a board of education. In contrast, the School Ethics Act governs a board member's actions after assuming the position. *Marinnie, supra,* at p. 4. Because the statutes govern separate events in a board member's term, it cannot be said that the legislature intended to repeal *N.J.S.A.* 18A:12–2 when it enacted *N.J.S.A.* 18A:12–24j.

We have carefully reviewed the record in light of the arguments presented by appellant and determine that they are unpersuasive. We affirm for the reasons expressed in the Commissioner's decision of June 30, 2005. The Commissioner's construction of *N.J.S.A.* 18A:12–2, as affirmed by the State Board, was not "plainly unreasonable." *Metromedia, Inc., supra,* 97 *N.J.* at 327, 478 *A.*2d 742.

Affirmed.