**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3776-23

W.M. and M.A.M.,[1]

    Complainants-Appellants,

v.

JOSHUA AIKENS, DEBORAH FAGAN, WILLIAM (BILL) DANIELLA,[2] KRISTIN TUFANO, GRETCHEN TORRES, KATHLEEN ZAGULA, and LISA CARLSON, and LAFAYETTE TOWNSHIP BOARD OF EDUCATION, SUSSEX COUNTY,

    Respondents-Respondents.

_____

Submitted May 29, 2025 – Decided June 24, 2025

Before Judges Mayer and Rose.

On appeal from the School Ethics Commission, New Jersey Department of Education, Docket No. C87-23.

---

[1] We use initials to protect the privacy of complainants' child and pseudonyms for ease of reference.

[2] Improperly pled as William (Bill) Dianella.

W.M. and M.A.M., appellants pro se.

Methfessel & Werbel, attorneys for respondents Joshua Aikens, Deborah Fagan, William (Bill) Daniella, Kristin Tufano, Gretchen Torres, Kathleen Zagula, Lisa Carlson and Lafayette Township Board of Education. Sussex County (Angela M. Guerrera, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for the School Ethics Commission (Colin Klika, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Self-represented, W.M. and M.A.M. (collectively, Martins) appeal from a June 17, 2024 final decision of the School Ethics Commission (SE Commission), dismissing their complaint against Joshua Aikens, Deborah Fagan, William (Bill) Daniella, Kristin Tufano, Gretchen Torres, Kathleen Zagula, and Lisa Carlson (collectively, Board members), and the Lafayette Board of Education (Board). We affirm.

The Martins are the parents of a minor child enrolled in the Lafayette Township Elementary School. In their November 22, 2023 complaint, the Martins alleged the Board members ignored their request for home instruction based on their child's medical needs and, as such, "de facto deni[ed]" home instruction in violation of N.J.A.C. 6A:16-10.1. The Martins further asserted

the Board members violated the School Ethics Act (Act), N.J.S.A. 18A:12-21 to -34, particularly, N.J.S.A. 18A:12-24.1(a) and (b) of the Code of Ethics for School Members (Code), by refusing to respond to their request for home instruction.

In their complaint, the Martins also alleged, at the start of the 2023-24 school year, they notified the Board and the school superintendent their child suffered from a significant medical condition requiring surgery and needed extended time away from school, starting in November. The Martins sought home instruction accommodations. They supported their claim with a doctor's note stating the child required home confinement until at least December 11, 2023, with further medical interventions and physical therapy to follow. The Martins alleged the superintendent responded to their request, denying home instruction, but none of the Board members responded.

According to the SE Commission's decision, the Board submitted a written statement in response to the complaint, asserting the doctor's note provided by the Martins failed to contain a medical diagnosis or explanation for why home instruction was necessary. The Board also stated the superintendent responded to the Martins' request, denying home instruction for failure to comply with N.J.A.C. 6A:16-10.1.

Following discussion at a May 21, 2024 meeting, the SE Commission adopted its decision at a June 17, 2024 meeting, finding insufficient facts and circumstances to support a violation of the Act or its implementing regulations. The SE Commission reasoned the Martins failed to provide a final court or agency decision pursuant to N.J.A.C. 6A:28-6.4(a)(1) and (2), and decisions concerning home instruction fell outside its jurisdiction and within the authority of the superintendent, not the individual Board members.

On appeal, the Martins argue the SE Commission erred in dismissing their complaint. They assert sufficient facts and circumstances were presented to establish the Board members violated the Act by failing to ensure the superintendent complied with N.J.A.C. 6A:16-10.1.

Our review of an agency determination is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret.

Sys., 206 N.J. 14, 27 (2011)); see also Bd. of Educ. of Sea Isle v. Kennedy, 393 N.J. Super. 93, 101-02 (App. Div. 2007) (applying limited review to an agency decision made under the Act), aff'd as modified, 196 N.J. 1 (2008). For these reasons, an agency's final decision "is entitled to affirmance so long as the determination is not arbitrary, capricious, or unreasonable, which includes examination into whether the decision lacks sufficient support in the record or involves an erroneous interpretation of law." Melnyk v. Bd. of Educ. of the Delsea Reg'l High Sch. Dist., 241 N.J. 31, 40 (2020). Thus, we are not bound by the "agency's interpretation of a statute or its determination of a strictly legal issue." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007) (quoting In re Taylor, 158 N.J. 644, 658 (1999)).

The Legislature promulgated the Act in 1991 "'to ensure and preserve public confidence' in local school board members, N.J.S.A. 18A:12-22, by providing local board members with advance guidance on ethical conduct so that such members might conduct their personal affairs appropriately and within the bounds ethically expected." Bd. of Educ. of Sea Isle City v. Kennedy, 196 N.J. 1, 16 (2008). The Act created the SE Commission to review complaints alleging violations and to determine whether those complaints are supported by probable cause. N.J.S.A. 18A:12-27, -29. In 2001, the Act was amended to include the

5

Code. N.J.S.A. 18A:12-24.1. If the SE Commission finds no probable cause, the complaint is dismissed. N.J.S.A. 18A:12-29(b).

We have considered the Martins' contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Pursuant to our circumscribed standard of review, Saccone, 219 N.J. at 380, we affirm for the reasons expressed in the SE Commission's well-reasoned written decision, which "is supported by sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D). In doing so, we determine the SE Commission's decision was not arbitrary, capricious, or unreasonable. Saccone, 219 N.J. at 380.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6